MRS. RUTH YOW v. DAVE EDWARD PITTMAN, JR., AND WILLIAM D. GASTON.

(Filed 3 November, 1954.)

**1. Bill of Discovery § 1a—**

    The statutes relating to the pretrial examination of witnesses confer no right to investigate or inquire into matters which the court could not investigate or inquire into in the actual trial.

**2. Evidence § 14—**

    Confidential communications of the patient to a physician are privileged and the physician will not be permitted to testify thereto except by consent of the patient or upon order of the presiding judge in term time upon a finding duly entered of record that the testimony is necessary to a proper administration of justice.

**3. Bill of Discovery § 1a: Evidence § 14—**

    The judge of the Superior Court has no authority to enter an order in chambers for the pretrial examination of a physician in regard to confidential communications of his patient. G.S. 8-71; G.S. 8-53.

DEFENDANTS' appeal from *Rudisill, J.,* at Chambers, CATAWBA, 28 August, 1954.

This is a civil action pending in the Superior Court of Catawba County for injury plaintiff alleges she received by reason of the actionable negligence of the defendants in a tractor-trailer-automobile collision. Plaintiff alleges serious personal injury for which she seeks to recover $40,643.55. Each of the defendants answered, denying negligence and liability.

The defendants made a motion in the cause, asking the court for an order permitting them to take the deposition of Dr. A. G. Brenizer, Jr., the physician who treated plaintiff for her injuries, and "requiring the said doctor to submit himself to the taking of said deposition . . . pertaining to his examination, the medical history secured by him, his diagnosis and treatment of the plaintiff, and as to her present condition." The defendants state in their motion: "These defendants have no information concerning the plaintiff's physical condition prior to the collision out of which this action arises and have no information as to the nature

and extent of plaintiff's injuries . . . that the attorneys for the defendants are without sufficient medical information to properly defend this action."

After notice, Judge Rudisill held a hearing in Chambers on 28 August, 1954, and "after reviewing the pleadings and two medical reports signed by Dr. Brenizer pertaining to plaintiff's injuries," concluded he did not have the authority to order the examination, overruled the motion as a matter of law. The defendants excepted and appealed. Only the defendant Gaston perfected his appeal and filed a brief.

*Mary Gaither Whitener and Louis A. Whitener for plaintiff, appellee.*
*James C. Smathers for defendant William D. Gaston, appellant.*

Higgins, J. The defendants applied for an order of court permitting them to take, and requiring Dr. Brenizer to submit to the taking of, a deposition "pertaining to his examination, medical history secured by him, his diagnosis and treatment of the plaintiff, . . ." Such a deposition would require the physician to disclose not only his clinical findings, diagnosis and treatment, but "the history secured by him" from the plaintiff—information of a very confidential nature.

The defendants do not proceed under the deposition statute, G.S. 8-71, broad as its provisions are: "Any party in a civil action or special proceeding, upon giving notice to the adverse party or his attorney as provided by law, may take the deposition of persons whose evidence he may desire to use without any special order therefor, unless the witness shall be beyond the limits of the United States." This statute does not contemplate the taking of deposition of a person disqualified to give evidence in the case. It confers no right to investigate or inquire into matters which the court could not investigate and inquire into in the actual trial. The deposition statute, therefore, must be considered in connection with G.S. 8-53, which provides: *"Communications between physician and patient.*—No person duly authorized to practice physic or surgery shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, that *the presiding judge of a superior court may compel such disclosure,* if in his opinion the same is necessary to the proper administration of justice." (Emphasis added.)

One of the objects of this statute is to encourage full and frank disclosure to the doctor. The law protects the patient's secrets and makes it the duty of the doctor to keep them, a duty he cannot waive. The veil of secrecy can be drawn aside only by the patient or by *"the presiding*

*judge of a superior court,"* and by him only when the ends of justice require it.

In construing C.S. 1798, now G.S. 8-53, *Justice Brogden,* in the case of *Sawyer v. Weskett,* 201 N.C. 500, 160 S.E. 575, said: "C. S. 1798 prescribes the privilege protecting physicians in disclosing confidential information required in the course of employment in treating a patient. The statute was construed in *Ins. Co. v. Boddie,* 194 N.C. 199, 139 S.E. 228, and in *S. v. Newsome,* 195 N.C. 552, 143 S.E. 187. The opinion in the *Newsome case, supra,* declares: 'If the statements were privileged under this statute, then in the absence of a finding by the presiding judge duly entered upon the record, that the testimony was necessary to a proper administration of justice, it was incompetent, and upon defendant's objection should have been excluded.' "

The statute contemplates a Superior Court in term. As stated in the cases cited, the presiding judge must enter his findings upon the record. This he can do only in term and after hearing. While Judge Rudisill was a Judge of the Superior Court, he was not at the time *the presiding judge of a Superior Court in term.* He had no authority to enter the requested order in Chambers. It follows, therefore, that he was correct in denying the motion as a matter of law.

Affirmed.