WALDRON BUICK COMPANY v. GENERAL MOTORS CORPORATION
AND LEE A. FOLGER, INC.

(Filed 11 November, 1959.)

**1. Appeal and Error §§ 3, 4—**

Only a party aggrieved may appeal, G.S. 1-271, and a party aggrieved is one whose rights have been directly and injuriously affected by the action of the court.

**2. Same—**

The appeal of certified public accountant to the refusal of his motion to quash a subpoena *duces tecum* on the ground that its effect would be to compel the divulgence of confidential information will be dismissed as premature if the order does not affect a substantial right of the witness, and, neither of the parties to the action having appealed, the exception of one of the parties to the refusal of the motion to quash the subpoena is not presented unless and until it appeals from the final judgment.

**3. Bill of Discovery § 1—**

G.S. 8-71 does not contemplate the taking of a deposition of a person disqualified to give evidence in the case, and confers no right to investigate or inquire into matters which the court could not investigate and inquire into in the actual trial.

**4. Same: Appeal and Error § 3— Denial of motion to quash subpoena duces tecum held not to affect substantial right of accountant.**

Defendant had examined plaintiff's books under court order. Thereafter plaintiff obtained the issuance of a subpoena *duces tecum* directing the public accountant who had examined plaintiff's books for defendant to bring memoranda and reports and give evidence in regard thereto. Motion to quash the subpoena was denied by order which expressly provided that the accountant should not be required to disclose instructions given him by defendant's counsel or to disclose or produce particular analyses made by the accountant on instructions of defendant's counsel, or conclusions from such analyses, etc. *Held:* The accountant was not disqualified to give evidence with respect to facts and data obtained by him directly from the books and records of plaintiff and the accountant was not required to disclose any information or instructions given him by defendant's counsel, or any analyses made by him in accordance therewith and, therefore, no substantial right of the accountant is directly and injuriously affected by the denial of the motion to quash, and his appeal is dismissed.

HIGGINS, J., not sitting.

PARKER, J., dissents.

APPEAL by Sterling Hudson and A. M. Pullen & Company, petitioners, from order entered April 14, 1959, by *Sharp, Special Judge,* presiding at April 6, 1959 Special Term, of MECKLENBURG.

Waldron Buick Company, plaintiff, instituted this action January

18, 1957, to recover damages allegedly caused by wrongful acts of General Motors Corporation and Lee A. Folger, Inc., defendants, in pursuance of a conspiracy in restraint of trade to destroy plaintiff's business. Defendants, in separate answers, denied plaintiff's essential allegations; and, in addition, each defendant pleaded special defenses. The foregoing, for present purposes, will suffice to indicate the general nature of *the controversy between the parties.*

By subpoena *duces tecum,* issued and served March 19, 1959, Sterling Hudson was summoned to appear before a designated Notary Public, at specified time and place, "to give evidence in a deposition then and there to be taken" in this action, and "to have with him then and there . . . Such memoranda and reports, or copies thereof, as reflect his analysis of the books and records of Waldron Buick Company, Concord, North Carolina, which were submitted to him by the defendant General Motors Corporation in connection with the above entitled action."

Defendant General Motors Corporation moved "that the subpoena served on Mr. Sterling Hudson be quashed, revoked and vacated." Thereupon, the clerk signed an order dated March 20, 1959, providing that the subpoena "is hereby temporarily stayed until such time as the Court shall have ruled on the (said) Motion . . . to quash, revoke and vacate said Subpoena *Duces Tecum.*"

Sterling Hudson and A. M. Pullen & Company, represented by their own counsel, filed a verified petition, in which they prayed "for an order quashing the said subpoena *duces tecum,* and directing that neither Mr. Hudson nor any other partner, agent or employee of the firm of A. M. Pullen & Company be compelled to appear and give testimony at the taking of any deposition on behalf of the plaintiff, or to produce and make available any of the memoranda and reports of the analysis of plaintiff's books and records, or to give any testimony with respect thereto."

These are the facts stated in said verified petition:

"1.  Sterling Hudson is a partner in the firm of A. M. Pullen & Company, a firm of Certified Public Accountants, serving through the State of North Carolina and elsewhere. Mr. Hudson is himself a Certified Public Accountant in the State of North Carolina.

"2.  In November 1958, A. M. Pullen & Company was retained by . . . counsel for the defendant General Motors Corporation, to perform certain professional accounting services in connection with the above case. Since that time Mr. Hudson, who was assigned by his firm to perform this service has worked

in his professional capacity and conducted an analysis of certain books and accounting records of the plaintiff Waldron Buick Company, under the supervision of and subject to the control of counsel for defendant General Motors Corporation.

"3. In performing the services for which he was retained as aforesaid, Mr. Hudson utilized those books of accounts and other records of the plaintiff company which were made available to him, and obtained no information from any other source except information which was relayed to him from time to time by counsel for said defendant. From the plaintiff's records Mr. Hudson has prepared an analysis for the information of counsel for said defendant, which analysis is not as yet completed.

"4. As a part of his service to counsel for said defendant, Mr. Hudson has also counseled and advised such attorney from time to time concerning accounting procedures and other matters of importance in connection with the above case. He has also been taken into said counsel's confidence with respect to the plans for the trial of such case, and the presentation of the defense thereto by counsel for said defendant. Such information came to Mr. Hudson in connection with his employment by said counsel as aforesaid, and in no other way.

"5. Except for the information obtained from the plaintiff's records, and the confidential information given to Mr. Hudson by counsel for defendant General Motors Corporation as set forth above, neither Mr. Hudson nor his firm, A. M. Pullen & Company, have any knowledge of any facts concerning the things and matters in controversy in such case.

"6. (Relates to issuance of subpoena *duces tecum,* contents thereof, notice for taking deposition.)

"7. Petitioners are advised by their counsel that any questions directed to Mr. Hudson relating to his analysis of the books and records of the plaintiff herein would not be competent inasmuch as he worked in his professional capacity for the attorneys for the defendants in this matter, and for no one else. They are further advised that the subpoena *duces tecum* issued as aforesaid should be quashed and dismissed because the memoranda and reports sought therein are a part of the work product of counsel for said defendant who employed them, and are therefore privileged. Petitioners are further advised that any other information which Mr. Hudson has concerning the above case has come to him in confidence because of his employment in a professional capacity by counsel for the said de-

fendant. Petitioners are finally advised that they may seek the aid of this Court to protect them from being compelled to submit to process of this Court illegally or improperly issued, and from being compelled to answer questions concerning privileged matters."

The record shows: "The Court having stated that it intended to enter an order denying the motion of the defendant General Motors Corporation to quash the subpoena *duces tecum* served on Sterling Hudson and that said order insofar as it related to the said Sterling Hudson would provide in substance as follows": (There follows a statement of the substance of what the court intended to incorporate in the order.) Defendant *General Motors Corporation* then moved, in writing, directing attention to particular provisions, "that the Court in its proposed order specify particularly the proper scope of the proposed examination of Sterling Hudson."

The order of Judge Sharp has eight divisions (I-VIII, inclusive), each of which relates solely to the particular motion or motions referred to therein. Division I thereof is the only portion of the order pertinent to said motion of defendant General Motors Corporation and to said petition of Sterling Hudson and A. M. Pullen & Company to quash said subpoena *duces tecum*. With reference to said motion and to said petition, the order provides:

"The defendant's motion is denied, and Sterling Hudson is directed to appear on the 30th day of April 1959 at 9:30 a.m., in the County Commissioners' Room of the Mecklenburg Courthouse, or such other place as may be agreed upon by counsel, to be examined by the plaintiff, relating to his examination of the books and records of the plaintiff, which were submitted by the plaintiff to the defendants for inspection and copies, under the orders of this Court, PROVIDED HOWEVER, Mr. Hudson is required to testify only with respect to facts and data obtained by him directly from the books and records of the plaintiff; and is not required:

"(a)   To disclose information given him by counsel for this defendant.

"(b)   To disclose instructions given to him by counsel for this defendant as to particular studies or analyses to be made as part of the preparation for the defense of this action.

"(c)   To disclose or to produce particular studies or analyses made on specific instructions of counsel for this defendant.

"(d)   To disclose conclusions drawn from studies and analyses made upon specific instructions of counsel for this defendant, or

"(e)   To disclose defendant's plans for the defense of this action or defendant's theories, evidence, or analyses of evidence which have been communicated to him by counsel for this defendant,

"To the failure of the Court to revoke in its entirety the Subpoena Duces Tecum, issued to Sterling Hudson, the defendant, General Motors Corporation, objects and excepts. To the action of the Court, in limiting the scope of the examination, as above set out, the plaintiff objects and excepts.

"The Petition of Sterling Hudson and A. M. Pullen & Company, to quash the Subpoena Duces Tecum is denied but the scope of the examination is limited as above set out in the ruling on the defendant's motion to quash the Subpoena Duces Tecum."

Sterling Hudson and A. M. Pullen & Company excepted to the court's denial of their petition "to revoke and vacate in its entirety the subpoena *duces tecum* directing Sterling Hudson to appear and give evidence by deposition and to produce certain memoranda and reports, all as set forth in said subpoena," and excepted to the order as entered by the court, and gave notice of appeal from said order.

*Blakeney, Alexander & Machen for plaintiff Waldron Buick Company.*

*Lassiter, Moore & Van Allen and H. A. Berry, Jr., for petitioners, appellants.*

*Kennedy, Covington, Lobdell & Hickman, counsel for General Motors Corporation, as amici curiae.*

*Allen & Hipp, counsel for North Carolina Association of Certified Public Accountants, as amici curiae.*

BOBBITT, J.   Only a "party aggrieved" may appeal from the superior court to the Supreme Court. G. S. 1-271; *Langley v. Gore,* 242 N.C. 302, 87 S.E. 2d 519. "(A) 'party aggrieved' is one whose right has been directly and injuriously affected by the action of the court." McIntosh, North Carolina Practice and Procedure, § 675; *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434. "An appeal may be taken from every judicial order or determination of a judge of a superior court, upon or involving a matter of law or legal infer-

ence, . ., ... which affects a substantial right claimed in any action or proceeding . . ." G.S. 1-277; *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377.

"There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, i.e., to administer 'right and justice . . . without sale, denial, or delay.' N. C. Const., Art. I, Sec. 35." *Ervin, J.*, in *Veazey v. Durham, supra.*

General Motors Corporation's exception to Judge Sharp's order will be for consideration in the event of an appeal by General Motors Corporation from an adverse judgment. We do not now consider whether Judge Sharp's order was erroneous. The only question now before us is whether any substantial right of Sterling Hudson and A. M. Pullen & Company is directly and injuriously affected by Judge Sharp's order.

In *Yow v. Pittman*, 241 N.C. 69, 84 S.E. 2d 297, this Court said that the deposition statute, G.S. 8-71, notwithstanding its broad provisions, "does not contemplate the taking of deposition of a person disqualified to give evidence in the case. It confers no right to investigate or inquire into matters which the court could not investigate and inquire into in the actual trial." It was held that the defendants could not take the deposition of *plaintiff's physician* because, under G.S. 8-53, he was disqualified to testify as to information he acquired in attending plaintiff in a professional capacity.

Here, under the pleadings, the contents of plaintiff's books and records are germane to the issues. Plaintiff, under court order, was required to submit its books and records to defendants "for inspection and copies"; and, pursuant to employment of A. M. Pullen & Company by counsel for General Motors Corporation, Sterling Hudson, a Certified Public Accountant and member of said firm, made an examination thereof. He thus acquired knowledge of the contents of plaintiff's books and records. A certified public accountant who has knowledge of the contents of plaintiff's books and records is not *disqualified* to give evidence in the case "with respect to facts and data obtained by him directly from the books and records of the plaintiff." Under Judge Sharp's order, this is all Sterling Hudson is required to do. The admissibility of his testimony, as to competency and relevancy, will be passed upon in accordance with usual practice and procedure.

Appellants' petition for order quashing the subpoena *duces tecum* is based solely on the ground that they should not be required to disclose information and instructions given to them in confidence by counsel for General Motors Corporation. As to this, it appears that Judge Sharp granted appellants' petition. Her order specifically provides that Hudson is not required to disclose any information or instructions given him by counsel for General Motors Corporation or any studies or analyses made by him in accordance therewith; and, as we interpret the order, Hudson is not required to make such disclosure either by testimony or by disclosing the contents of any memoranda or reports.

It is noted that appellants' exceptions and assignments of error constitute a broadside challenge of Judge Sharp's order. No specific ground of objection is stated therein.

We are of opinion, and so hold, that no substantial right of appellants is directly and injuriously affected by Judge Sharp's order. Hence, their purported appeal is dismissed.

It is noted: No brief was filed in this Court in behalf of plaintiff. The only appearance in behalf of plaintiff was a motion filed by its counsel to dismiss summarily the purported appeal on the several grounds stated in the motion. This Court, pursuant to consideration in conference, denied plaintiff's said motion on October 2, 1959. Upon further consideration, we are of opinion that, for the reasons stated above, the purported appeal should be dismissed. Hence, this Court's order of October 2, 1959, is stricken.

Appeal dismissed.

HIGGINS, J., not sitting.

PARKER, J., dissents.