KING ROBERTS, T/A PIERCE WAREHOUSE; JOE T. ROBERTS AND EARL C. ROBERTS, T/A ROBERTS WAREHOUSE; J. KIRK ADAMS AND CLARENCE KNOTT v. SHERRILL AKINS, JOHN W. SMITH, DAN BRISSON, ARTHUR TALLEY, ROY TALLEY, BILLY TALLEY, DAN TALLEY AND J. W. DALE, AND THE FUQUAY-VARINA TOBACCO BOARD OF TRADE, INC.

(Filed 29 April, 1964.)

**Appeal and Error § 4;    Injunctions § 13—**

Where the court disolves the temporary restraining order, defendants may not appeal from provision of the order stating that plaintiffs were not bound by judgment asserted by defendants as a bar, since such statement is not binding upon the hearing on the merits and therefore cannot prejudice defendants.

APPEAL by defendants from *Nimocks, E. J.,* October 1963 Civil Session of HARNETT.

Plaintiffs instituted this action September 20, 1963, to enjoin defendants "from using the floor space contained in Varina Brick Warehouse, Talley Bros. Warehouse and Planters Warehouse in computing the selling time allotted to the warehouse firms operating on the Fuquay-Varina Tobacco Market until such time as said warehouses are made suitable and available for the auction sale of tobacco."

The hearing was on return of an order to show cause why plaintiffs' motion for temporary injunctive relief "for the year 1963" should not be granted.

After hearing the evidence, Judge Nimocks entered an order in which, after findings of fact relating to particular matters, the following finding was made: "In seeking to take away from the three warehouses in question the selling time allotted to them for the year 1963, the plaintiffs are not seeking to preserve the status quo pending the trial of this action. They are asserting rights which they have not previously exercised. The relief they seek is mandatory injunction." Immediately thereafter, the order provides:

"The Court being of the opinion that this case is controlled by the decision of the Supreme Court of North Carolina in the case of *CARROLL v. BOARD OF TRADE*, 259 N.C. 692, the motion for preliminary restraining order and for temporary mandatory injunction is denied and the rule upon the defendants to show cause is discharged."

However, the order, following said provision expressly denying plaintiffs' motion, contains additional matter, *viz.*: Reference is made to the fact that defendants, in their response to the order to show cause, asserted that plaintiffs are estopped by certain judgments entered in the United States District Court for the Eastern District of North Carolina, Raleigh Division, in a civil action in which Joe T. Roberts, *et al.*, are plaintiffs and Fuquay-Varina Tobacco Board of Trade, Inc., and others, are defendants. The order then provides: "The court being of the opinion that the plaintiffs in this case are not bound in any respect by the judgment of the United States District Court, the said plea is overruled. To this finding and ruling in this judgment the defendants object and except."

Based upon their exception to said ruling, defendants gave notice of appeal to the Supreme Court.

*Wilson & Bain and Morgan & Williams for plaintiff appellees.*

*F. E. Winslow, A. W. Gholson, Jr., and Thomas A. Banks for defendant appellants.*

PER CURIAM. The only question before Judge Nimocks was whether plaintiffs should be granted temporary injunctive relief "for the year 1963." It was decided in favor of defendants. Hence, defendants were not aggrieved by Judge Nimock's order and their purported appeal must be dismissed. G.S. 1-271; *Buick Co. v. General Motors Corp.*, 251 N.C. 201, 205, 110 S.E. 2d 870.

With reference to defendants' exception to the court's expression of opinion and ruling with reference to defendants' plea of estoppel, it

seems appropriate to say: Judge Nimocks' *decision* was not based on this ruling. Moreover, any ruling by Judge Nimocks with reference to defendants' plea of estoppel would have significance only for the purpose of resolving the question then before him. The judge presiding at the final hearing is not bound by said ruling but will decide *de novo* all questions with reference to defendants' said plea. Hence, it does not appear defendants are prejudiced by the portion of Judge Nimocks' order to which they excepted.

Appeal dismissed.