CLIFFORD J. LOCKWOOD v. EARL McCASKILL; AND CHARLES ALBERT MACON D/B/A C. A. M. MACHINE COMPANY.

(Filed 6 May, 1964.)

**1. Appeal and Error § 3—**

An appeal will lie from an interlocutory order when substantial rights would be lost if the matter were not determined prior to final judgment.

**2. Statutes § 5—**

A statute must be construed to effectuate the legislative intent.

**3. Same—**

A proviso should be construed with the act with a view to giving effect to each, and a proviso takes out of the enacting clause only those cases which fall fairly within its terms.

**4. Bill of Discovery § 1; Evidence § 14— Physician may not be required to disclose confidential information by deposition prior to trial.**

The proviso of G.S. 8-53 authorizing "the presiding judge of a Superior Court" to compel a physician to disclose confidential matters is limited to

the judge presiding at the trial on the occasion when the physician is call-
ed upon to testify in order that the judge may ascertain the nature of the
evidence involved and determine the extent disclosure is necessary to the
proper administration of justice, and therefore even the judge holding a
term of court in the county in which the action is pending may not grant
defendants' motion to take the deposition of the physician who attended
plaintiff to ascertain the extent of plaintiff's injuries for the purpose of
formulating a defense upon the issue of damages. G.S. 8-71.

APPEAL by plaintiff from *McConnell, J.,* October 21, 1963, Regular
Schedule "C" Session of MECKLENBURG.

Plaintiff's action is to recover damages for personal injuries and
property damage he sustained as a result of a collision that occurred
February 11, 1963, at a street intersection in Charlotte, North Caro-
lina, between a Chevrolet car owned and operated by plaintiff and a
Chevrolet truck owned by defendant Macon and then operated by
Earl McCaskill as Macon's agent. Plaintiff alleged the collision and
his injuries and damage were proximately caused by the negligent
manner in which McCaskill operated the truck.

McCaskill, although named as a defendant, was not served with
process.

Summons and complaint were served on Macon on May 14, 1963.
On account of his failure to answer or otherwise plead, judgment by
default and inquiry was entered against Macon on June 24, 1963. Prior
to the execution of the "inquiry . . . before a jury to determine the
amount of said damages," counsel for Macon on September 4, 1963,
filed an "Entry of Appearance," and on October 17, 1963, filed a mo-
tion for an order permitting them to take the deposition of Dr. Thomas
H. Wright.

In said motion, counsel for Macon assert: That "the defendants
are informed and believe and therefore allege that the plaintiff was
placed under the care of a psychiatrist, Dr. Thomas H. Wright, some-
time in May of 1963 for the treatment of certain injuries to his mental
health and that the plaintiff claims that said injuries to his mental
health and said psychiatric care were causally related to the accident
referred to in the complaint"; that "the defendants are not advised as
to the nature and extent of the injury to the plaintiff's mental health,
or as to the present condition of the plaintiff's mental health and have
been unable to secure any medical reports as to the condition of the
plaintiff's mental health"; that "Dr. Thomas H. Wright as the psy-
chiatrist who treated the plaintiff is the person most qualified to fur-
nish defendants an accurate statement as to the condition of the plain-
tiff's mental health and that the defendants desire to depose the said
Dr. Thomas H. Wright with regard to the injury to the plaintiff's

mental health and as to his present mental condition"; and that "such deposition is necessary to enable the defendants to properly defend this action and to properly prepare for trial thereof and the ends of justice require that the defendants be permitted to examine the said Dr. Thomas H. Wright with regard to the matters referred to above."

On October 24, 1963, Judge McConnell, granting the prayer of the petition, entered the following order:

"This cause coming on to be heard and being heard before the Honorable John D. McConnell, Judge presiding at the October 21st Regular Schedule 'C' Term of the Superior Court of Mecklenburg County, on motion by the defendants for an order permitting them to take the deposition of one of the plaintiff's treating physicians, Dr. Thomas H. Wright, and the Court, after hearing arguments of counsel, finding as a fact that said deposition is necessary to the proper administration of justice, and being of the opinion that in its discretion said motion should be allowed;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that said motion be and it is hereby allowed and that the defendants may take the deposition of the said Dr. Thomas H. Wright at a time and place convenient for said doctor and that said doctor shall submit himself to the taking of said deposition pertaining to his examinations of the plaintiff relative to the injuries to the plaintiff's mental and emotional health subsequent to the accident occurring on or about the 11th day of February 1963, referred to in the complaint including the plaintiff's medical history as secured by him, his diagnosis and treatments of the plaintiff, the results of any tests conducted as a part of his examinations and treatments of the plaintiff and as to the plaintiff's present condition."

Plaintiff excepted to said order and appealed.

*H. Parks Helms for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman and Charles V. Thompkins, Jr., for defendant appellee Macon.*

BOBBITT, J. Referring to the deposition statute, G.S. 8-71, this Court in *Yow v. Pittman*, 241 N.C. 69, 84 S.E. 2d 297, in opinion by Higgins, J., said: "This statute does not contemplate the taking of deposition of a person disqualified to give evidence in the case."

As in *Yow*, the deposition statute must be considered in connection with G.S. 8-53, which provides: "Communications between physician and patient.—No person, duly authorized to practice physic or surgery,

shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, that the presiding judge of a superior court may compel such disclosure, if in his opinion the same is necessary to a proper administration of justice."

In *Yow*, a similar motion was heard by Judge Rudisill, the Resident Judge, in Chambers. His denial of the motion as a matter of law was affirmed by this Court. The ground of decision was stated as follows: "While Judge Rudisill was a Judge of the Superior Court, he was not at the time *the presiding judge of a Superior Court in term*. He had no authority to enter the requested order in Chambers."

While Judge McConnell was the Presiding Judge at the October 21, 1963, Regular Schedule "C" Session of Mecklenburg Superior Court, this case was not before him for trial. It was brought before him on October 24, 1963, solely for hearing on said motion of October 17, 1963.

Questions relating to the privilege created by G.S. 8-53 have been discussed and decided often by this Court. *Capps v. Lynch*, 253 N.C. 18, 116 S.E. 2d 137, and cases cited; *Sims v. Insurance Co.*, 257 N.C. 32, 125 S.E. 2d 326, and cases cited. In all of our decisions except *Yow v. Pittman, supra*, the questions presented related to rulings made during the progress of the trial by the presiding superior court judge.

"It is the accepted construction of this statute (G.S. 8-53) that it extends, not only to information orally communicated by the patient, but to knowledge obtained by the physician or surgeon through his own observation or examination while attending the patient in a professional capacity, and which was necessary to enable him to prescribe." *Smith v. Lumber Co.*, 147 N.C. 62, 64, 60 S.E. 717; *Sims v. Insurance Co., supra*, p. 37, and cases cited.

Undoubtedly, Judge McConnell's order purports to compel Dr. Wright to testify concerning matters which otherwise would be privileged. Whether Dr. Wright's deposition is offered in evidence is immaterial. If and when Dr. Wright is required to testify concerning privileged matters at a deposition hearing, *eo instante* the statutory privilege is destroyed. This fact precludes dismissal of the appeal as fragmentary and premature. *Cf. Buick Co. v. General Motors Corp.*, 251 N.C. 201, 110 S.E. 2d 870.

In the construction of G.S. 8-53, our chief concern is to ascertain the legislative intent. As stated by *Stacy, C.J.*, in *Trust Co. v. Hood, Comr. of Banks*, 206 N.C. 268, 270, 173 S.E. 601; "The heart of a statute is the intention of the law-making body." In performing our judicial task,

"we must avoid a construction which will operate to defeat or impair the object of the statute, if we can reasonably do so without violence to the legislative language." *Ballard v. Charlotte*, 235 N.C. 484, 487, 70 S.E. 2d 575.

Appellee contends the statute, G.S. 8-53, is in derogation of the common law and should be strictly construed. However, we are not considering *what* matters are privileged or questions relating to waiver of the statutory privilege. Rather, our question is what superior court judge, upon appropriate findings of fact, may compel disclosure.

The following statement is pertinent: "A proviso should be construed together with the enacting clause or body of the act, with a view to giving effect to each and to carrying out the intention of the legislature as manifested in the entire act and acts in *pari materia*. A strict but reasonable construction is to be given to the proviso so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso." 82 C.J.S., Statutes § 381(b)(1). Here, construction of *the proviso* is necessary to decision.

The sole purpose of the 1885 statute (Public Laws of 1885, Chapter 159), now codified as G.S. 8-53, was to create a privileged relationship between physician and patient. In view of this primary purpose, we think it clear the proviso was intended to refer to exceptional rather than ordinary factual situations.

Under a literal interpretation, the words of the proviso, "the presiding judge of a superior court," might include the superior court judge currently presiding in the judicial district. As indicated above, we have held they refer solely to a superior court judge presiding "in term." Too, the words, "the presiding judge of a superior court," might include any superior court judge who happens to be presiding over any term in any county in North Carolina. We think it obvious they refer solely to a judge presiding at a term of superior court in the county in which the action is pending. In short, the words, "the presiding judge of a superior court," must be construed to effectuate rather than to defeat the dominant purpose of the statute.

In our view, it was the intention of the General Assembly that the presiding judge authorized to compel disclosure by a physician on the ground such disclosure is necessary to the proper administration of justice is the judge presiding on the occasion when the physician is called upon to testify, namely, the trial judge. All relevant circumstances, including the nature and character of evidence offered by or in behalf of the injured person, are available for consideration by the trial judge. Moreover, the trial judge may ascertain from the physician the nature of the evidence involved and may determine what part, if any,

should be disclosed as necessary to the proper administration of justice. Obviously, the proper administration of justice might require disclosure as to certain but not as to all matters under the privilege. In short, we think it was intended that disclosure should be compelled only when the examination of the physician was conducted under the supervision of the trial judge.

G.S. 8-71 provides that a party may take "the depositions of persons *whose evidence he may desire to use.*" (Our italics). Appellee's contention, as stated in his brief, is that disclosure "is necessary to enable the defendant to accurately evaluate the case against him and to prepare his defense."

In our view, the proviso in G.S. 8-53 does not authorize a superior court judge, based on the circumstance that he is then presiding in the county in which the action is pending, to strike down the statutory privilege in respect of any and all matters concerning which the physician might be asked at a deposition hearing. Doubtless, in practically all personal injury actions the defendant would deem it advisable, if permitted to do so, to examine before a commissioner or notary public in advance of trial the physician(s) of the injured party to "evaluate the case" and "to prepare his defense." Obviously, if this course were permitted, the privilege created by the statute would be substantially nullified. This practice, if considered desirable, should be accomplished by amendment or repeal of the statute.

Although the question before us was not decided or drawn into focus, expressions in opinions of this Court would seem to indicate an understanding that the words, "the presiding judge of a superior court," refer to the superior court judge who presides at the trial. *Creech v. Woodmen of the World*, 211 N.C. 658, 661, 191 S.E. 840; *Sims v. Insurance Co., supra.* pp. 38-39.

With reference to examinations prior to trial by court-appointed physicians to ascertain the nature and extent of alleged injuries, see *Helton v. Stevens Co.*, 254 N.C. 321, 118 S.E. 2d 791.

In view of the foregoing, we need not consider whether the motion itself and the record proper constitute a sufficient basis for a finding "that said deposition is necessary to a proper administration of justice."

For the reasons stated, the order of the court below is reversed.

Reversed.