CAROLINA OVERALL CORPORATION v. EAST CAROLINA LINEN SUPPLY, INC.

(Filed 22 May 1968.)

**1. Appeal and Error § 6—**

An appeal from orders vacating a subpœna *duces tecum* and denying a motion for production of records will ordinarily be dismissed as fragmentary and premature.

**2. Process § 5.1;  Bill of Discovery § 3—**

Order of the trial court vacating a subpœna *duces tecum* is proper where the contemplated use of the subpœna is for the purpose of discovery.

APPEAL from *Parker, J.,* 4 March 1968 Session, Superior Court, NASH County.

Plaintiff and defendant are competitors in the industrial laundry business. On and prior to 11 August 1967 Bill Lowe was employed by plaintiff as a route salesman pursuant to a written contract containing covenants to the effect that Lowe would not engage in competition with the plaintiff for a period of one year following termination of his employment. Plaintiff alleges that Lowe terminated his employment 11 August 1967 and shortly thereafter entered the employment of the defendant. Plaintiff claims that it had service contracts with twelve specified customers at the time Lowe entered the employment of the defendant. Plaintiff further claims that defendant wrongfully induced Lowe to breach his contract with plaintiff for the purpose of using Lowe to solicit for the defendant the patronage of plaintiff's customers, including the twelve specified customers. Plaintiff seeks damages from defendant for loss of patronage and good will, together with net profits it would have earned on the contracts with the specified customers.

Defendant filed answer denying the material allegations of the complaint and set forth several affirmative defenses, including the defense that the contract between plaintiff and Lowe was invalid.

Subsequent to the filing of the complaint and answer, defendant procured an order for the adverse examination of the general manager of plaintiff, pursuant to G.S. 1-568, *et seq.* The defendant at the same time had the Clerk of Superior Court of Nash County issue a subpœna *duces tecum* directed to said general manager to have certain enumerated books and records of plaintiff with him at the time of the adverse examination. Plaintiff moved to vacate the subpœna *duces tecum.* The Clerk issued an order vacating this subpœna and on appeal Judge Parker affirmed the Clerk's order.

Prior to the order vacating the subpœna *duces tecum,* the defendant filed a motion for inspection and production of documents under G.S. 8-89, *et seq.*

On the same date Judge Parker heard the appeal from the Clerk, he heard the motion for the inspection and production of documents. Judge Parker denied the motion for inspection and production of documents with the exception that plaintiff was ordered to produce copies of its alleged contracts with the twelve contract customers referred to in the complaint. Judge Parker further provided that the denial of the motion for production of documents "shall be without prejudice to defendant's right to come again and re-apply for production and inspection of documents specifying in more and greater detail the items sought to be discovered."

The adverse examination has not yet been taken.

From the orders of Judge Parker: (1) sustaining the order of the Clerk vacating the subpœna *duces tecum* and; (2) denying in part the defendant's motion for production of records, this appeal was taken.

*Spruill, Trotter & Lane by John R. Jolly, Jr., Attorneys for plaintiff appellee.*

*John B. Exum, Jr., and Battle, Winslow, Scott & Wiley by Robert M. Wiley, Attorneys for defendant appellant.*

CAMPBELL, J. Pending the appeal in this Court, the plaintiff appellee moved to dismiss the appeal as being premature. Since the record and briefs had been filed, we permitted oral argument and reserved our ruling on the motion to dismiss the appeal. We are of the opinion that the motion was proper and that the appeal should be dismissed.

Fragmentary appeals should not be encouraged and appeals should not be permitted from interlocutory orders entered from time to time pending final adjudication on the merits of the case. To permit such appeals would unnecessarily clutter the dockets of the ap-

pellate division and prevent the orderly disposal by that division of matters pending before it. *Buick Co. v. General Motors Corp.*, 251 N.C. 201, 110 S.E. 2d 870; *Cole v. Trust Co.*, 221 N.C. 249, 20 S.E. 2d 54.

We have, nevertheless, considered the questions presented. We think that the order vacating the subpœna *duces tecum* was entered properly. It is obvious that the subpœna *duces tecum* was for the purpose of discovery and that it not a proper use of such a process. For the history and purpose of this process, see *Vaughan v. Broadfoot,* 267 N.C. 691, 149 S.E. 2d 37.

With regard to the motion for inspection and production of documents, we think the order of Judge Parker adequately protected the rights of all parties in this matter and no substantial right of the defendant was prejudiced by this order. Compare *Abbitt v. Gregory,* 196 N.C. 9, 144 S.E. 297.

Appeal dismissed.

BRITT and MORRIS, JJ., concur.