H. Wayne FLORA, III, Plaintiff,

v.

C. Merrill HAMILTON et al.,
Defendants.

No. C–76–563–S.

United States District Court,
M. D. North Carolina,
Salisbury Division.

Nov. 1, 1978.

William G. Pfefferkorn and Jim D. Cooley, Winston-Salem, N. C., for plaintiff.

Louis P. Hamlin, Jr., Richard R. Reamer, and Malcolm B. Blankenship, Jr., Salisbury, N. C., for defendants.

## MEMORANDUM ORDER

EUGENE A. GORDON, Chief Judge.

This matter is before the Court for a determination of the defendants' motion for an order compelling discovery pursuant to F.R.Civ.P. 37(a). The defendants seek to inspect portions of the plaintiff's army medical file, which, according to the plaintiff, consists of notes and conclusions of a voluntary interview the plaintiff had with an army psychiatrist while he was in the army in 1960. For the reasons that follow, the Court concludes that discovery should be allowed, but only in the very restricted manner which will be outlined below.

The plaintiff is a former instructor at Rowan Technical Institute in Salisbury, North Carolina, whose employment at that institution was terminated in September of 1976. The plaintiff asserts that the termination violated his rights of free speech, petition and association under the United States Constitution, and brings the present action under 42 U.S.C. §§ 1983 and 1985, 28 U.S.C. §§ 1331 and 1343, and the federal constitution. The defendants deny that any such violations occurred and assert that, to the contrary, defendant was terminated because of plaintiff's failure, in a variety of contexts, to perform his duties consistent with the minimum standards required of instructors at Rowan Technical Institute. The plaintiff contends that he did highly competent and effective work as a teacher at Rowan Technical Institute and that he had a good relationship with students, faculty and other administrators not named as defendants in this action.

Defendants argue that production under Rule 37(a) is proper because a relevant issue in this case is plaintiff's fitness for and ability to perform as an administrator and instructor in a structured institution. It follows, therefore, that the evidence in question is clearly relevant or would lead to relevant evidence. The plaintiff's reply is threefold: first, since the interview with the army psychiatrist took place in 1960, the information involved is highly dated and thus irrelevant; secondly, that due to the nature of the interview and the parties involved, the notes and conclusions are subject to the psychiatrist-patient privilege as set out in N.C.Gen.Stat. § 8–53.3; and third, that the release of other documents in the same file by the plaintiff to the defendant is not a waiver of the privilege asserted because the other documents relate to objective medical data about the plaintiff, whereas the instant information involves his subjective feelings. Alternatively, the plaintiff has offered to make the documents available for *in camera* inspection by the Court.

### *Applicable Law*

Rule 37(a)(2), F.R.Civ.P., permits a party to move for an order compelling discovery after an opposing party, in response to a request for inspection submitted under Rule 34, fails to comply with the Rule 34 request. The scope of discovery under Rule 34 is the same as that under the discovery rules generally. *See* C. Wright, Law of Federal Courts 431 (1976). That scope is

set out primarily in Rule 26, and there are only three limitations on it: the matter sought must be relevant to the subject matter of the action; it must not be privileged; and it must not be the work product of an attorney. Wright, *supra,* at 403. The parties in this case do not contend that the third requirement, that of avoiding work product material, is in issue here. Rather, their disagreement concerns the first two requirements, and it is to those two points that the Court will address its attention.

## Relevance

It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader. Wright, *supra* at 403. This was made clear by a 1946 amendment to Rule 26(b) which states that it is not a ground of objection that the testimony will be inadmissible at trial, so long as the testimony appears reasonably calculated to lead to the discovery of admissible evidence. F.R.Civ.P. 26(b)(1). Furthermore, the burden of showing that the requested discovery is not relevant to the issues in the case is on the party resisting discovery. *Zucker v. Sable,* 72 F.R.D. 1, 3 (S.D.N.Y. 1975). The plaintiff here has argued that the information sought is not relevant due to the fact that the interview in question took place in 1960, some fifteen or sixteen years prior to the time at which the plaintiff's problems at Rowan Tech surfaced. There may be merit to the argument that such evidence would be inadmissible at trial because it is too dated, but since the standard of relevancy in discovery is much less demanding, the Court concludes that the question of relevancy must be decided in favor of the defendant.

## Privilege

At the outset it should be noted that the North Carolina law of privileges is not decisive because the present claim arises under federal law. *See* F.R.Ev. 501. Nevertheless, several courts have recog-

nized that "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Lora v. Board of Education,* 74 F.R.D. 565, 576 (E.D.N.Y.1977), citing *U. S. v. King,* 73 F.R.D. 103, 105 (E.D.N.Y.1976). Courts have recognized as well that strong guidance is to be found in Proposed Rule 504 of the Federal Rules of Evidence, even though the Congress never adopted the rule. *Lora, supra* at 569; *U. S. v. Meagher,* 531 F.2d 752, 753 (5th Cir. 1976). The Court agrees that it is beneficial to look for guidance from the law of privilege in North Carolina and from Rule 504, but the Court is conscious as well of its responsibility to "continue to develop recognized privileges, as well as to formulate new privileges, on a case-by-case basis," always keeping in mind that in performing this task it must balance the public and private interests involved in such a way that "the paramount public interest in the fair administration of justice be served." *Lora, supra* at 578.

North Carolina recognizes a psychiatrist-patient privilege. N.C.Gen.Stat. § 8–53.3 (1969 Replacement). Although no North Carolina decisions appear to have been based on the statute, it is plain that the statute as written favors a policy of non-disclosure, unlike some statutes which are prodisclosure. *See, e. g.,* N.Y.C.P.L.R. § 4504(c) (McKinney 1963); *Reid v. Moore-McCormack Lines, Inc.,* 49 F.R.D. 91 (S.D.N.Y.1970). In addition, in at least one instance the general physician-patient privilege as set out in N.C.Gen.Stat. § 8–53 (1969 Replacement), has been applied by a North Carolina court in a case involving the psychiatrist-patient relationship, and in a manner favoring non-disclosure. *Neese v. Neese,* 1 N.C.App. 426, 161 S.E.2d 841 (1968). There is no reason to believe that the North Carolina courts would interpret and apply § 8–53.3 any differently. It is significant, however, that both statutes con-

tain provisos which give the trial judge the power to compel disclosure of the particular evidence, "if in his opinion the same is necessary to a proper administration of justice." North Carolina courts have stated that the proviso is intended to refer to exceptional, rather than ordinary, situations, *Lockwood v. McCaskill,* 261 N.C. 754, 136 S.E.2d 67 (1964), and this is as it should be in view of the importance of the privilege.

The question then becomes, can the Court recognize the North Carolina privilege "at no substantial cost to federal substantive and procedural policy," or does the public interest in the fair administration of justice require that the evidence in question be disclosed? In order to answer that question, the various public and private interests involved must be identified and balanced. On the one hand are two related privacy interests of the plaintiff: his right to have intimate details protected from disclosure by the government, and his right to be free to seek benefit from psychiatric counseling. *Lora, supra* at 570. It has been argued that the assurance of confidentiality is critical to effective psychotherapy. Slovenko, Psychiatry and a Second Look at the Medical Privilege, 6 Wayne L.Rev. 175, 184–85 (1960). The public also can be said to have an interest in encouraging the mentally and emotionally disturbed to seek out and fully cooperate in appropriate counseling. *Lora, supra* at 571. On the other side is the public and essential interest in the fair administration of justice. This is embodied in the core provisions of the Federal Rules of Evidence whose purpose it is to develop all relevant facts at trial. *See, e. g.,* F.R.Ev. 102; *U. S. v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). That purpose is all the more appropriate when, as here, a party has been charged with the violation of perhaps the most cherished and essential rights known to our society, those protected by the First Amendment. As a result, only the strongest countervailing public policies should prevent disclosure in such a case.

In the instant case it will not be possible to keep the patient's identity completely anonymous, but neither is it necessary to make the notes in question part of the open court file. To wit, if the defense attorneys are permitted to view the material in the office of the plaintiff's counsel, and if subsequent to that inspection the plaintiff is required to file a copy of the material in a sealed envelope with the Clerk of the Court, an acceptable compromise will have been drawn. By the same token, the Court understands that the defendant and defense counsel will keep the contents of the notes in the strictest confidence possible, within the limits of effective discovery and the further conduct of this case. *See Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) (noting strong approval of rigidly guarded access to information in question). Although it is possible that the disclosure of the evidence could deter the plaintiff and others from seeking and cooperating fully in psychiatric counseling in the future, the fact that the notes are so dated, and the fact that disclosure is to be quite limited in nature restrict that possibility substantially. As the Court stated in *Reid,* "By and large, people are today satisfied that . . . there is no more disgrace in being mentally ill than there is in suffering a heart ailment, poliomyelitis, or cancer." *Reid, supra* at 94 (citing *Killip v. Rochester General Hospital,* 1 Misc.2d 349, 146 N.Y.S. 2d 164, 167 (1955)).

More importantly, however, is the fact that this case involves very serious charges against the defendant, charges which in this case at least implicitly raise the issue of the plaintiff's ability to work in a structured institution. Although Proposed Rule 504 recognized the privilege in question here, it also allowed for that privilege to be waived, whenever the case involves "communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense." Proposed F.R.Ev. 504(d)(3), 51 F.R.D. 315, 367 (1971). As

580

stated above, N.C.Gen.Stat. § 8–53.3 contains a proviso which gives the judge the discretion to force disclosure, and the North Carolina courts have stated that judges should not hesitate where it appears to them that disclosure is necessary in order that the truth be known and justice done. *Sims v. Charlotte Liberty Mutual Insurance Company,* 257 N.C. 32, 125 S.E.2d 326, 331 (1962). The Court concludes that the proviso in Rule 504 and the policy of serving justice and truth as expressed in § 8–53.3 and in *Sims,* require that the material be disclosed.

In conclusion, therefore, because the intrusion on the privacy interests of the plaintiff will be limited in nature, and because of the public interest in full disclosure and development of all the facts in a case as serious as this, the Court hereby grants the defendants' motion for compelling discovery of the army psychiatrist's notes and conclusions contained in the plaintiff's medical file. The disclosure shall take place in the office of counsel of the plaintiff, and at a time that is reasonable and convenient for the respective parties. Subsequent to the inspection, the plaintiff shall file with the Clerk of this Court a sealed copy of the materials in question, which sealed copy shall be opened only at the further order of the Court. If the parties are unable to agree on appropriate time, and it is not believed that they will encounter difficulty in this respect, counsel will notify the Court and a time and place will be designated.

It is so ORDERED.