BETTY ANN LENNON v. RONALD W. WAHLER

No. 8610DC646

(Filed 20 January 1987)

**Appeal and Error § 7— validity of consent judgment — trial court's finding not binding — defendant not aggrieved — no right to appeal**

Where the parties entered into a separation agreement which provided that defendant would pay all of his children's college expenses, a subsequent consent judgment dealing with an arrearage in alimony also stated that it was agreed between the parties that defendant would assist in paying for college educations, defendant later refused plaintiff's request for payment of tuition, defendant promptly paid a tuition bill sent directly to him by the college, and the trial court found that defendant therefore had not breached the separation agreement, defendant did not have a right to appeal based on the trial court's additional conclusion that the consent judgment was without force and effect as to the terms regarding education contained in the separation agreement.

APPEAL by defendant from *Payne, Judge.* Judgment entered 13 January 1986 in WAKE County District Court. Heard in the Court of Appeals 19 November 1986.

On 29 March 1978, Ronald Wahler and Betty Wahler (now Lennon) executed a separation agreement and were subsequently divorced. Several provisions of the agreement provided for the support and education of their two children, Anne Elizabeth Wah-

ler, born 9 January 1967, and Todd Joseph Wahler, born 22 April 1971. Included in the agreement was the following provision:

> Husband hereby agrees that he will pay all costs of tuition, room, board, fees and reasonable spending money for the children born of the marriage to attend a college or university for a period of four years.

In addition, the parties agreed that Mrs. Wahler would be paid alimony. On 6 February 1980, Mrs. Wahler filed a complaint alleging that Dr. Wahler had breached the terms of the separation agreement by refusing to pay Mrs. Wahler alimony. On 20 June 1980, summary judgment was entered in favor of Mrs. Wahler. The parties' attorneys began negotiations regarding payment of the arrearage; they also discussed other issues. A consent judgment was entered on 14 November 1980. Paragraph 6 of the decretal portion of the consent order states:

> It is also agreed between the parties that the Defendant shall assist in the payment of expenses for college educations of the said minor children.

The trial court did not refer to payment of college expenses in its findings of fact.

In the spring and summer of 1985, Anne Elizabeth Wahler made plans to attend Wingate College. On 29 July 1985, Mrs. Lennon filed a complaint alleging that she had notified Dr. Wahler that the tuition payment was due and that he had refused to pay. Plaintiff sought specific performance of that part of the separation agreement requiring Dr. Wahler to pay all the children's college costs. Dr. Wahler asserted the defense that the consent judgment modified the terms of the separation agreement to require only that defendant *assist* in the payment of college expenses. In late summer of 1985, Wingate College sent Dr. Wahler a bill for tuition and room and board for his daughter, which he promptly paid.

The matter was heard on 11 December 1985. Testimony of plaintiff and the affidavit of her attorney indicated that plaintiff did not intend for the consent judgment to modify that part of the separation agreement concerning college expenses. Evidence from the defense indicated that Dr. Wahler and his attorney intended to alter the requirement that he be responsible for the entire

amount. The court concluded that the separation agreement was valid and enforceable and that the later consent order neither incorporated nor modified the separation agreement. However, the court also found that the defendant was not in breach of the agreement and plaintiff was not entitled to the relief requested. Defendant appealed.

*Sullivan & Pearson, P.A., by Mark E. Sullivan and Rose H. Stout, for plaintiff-appellee.*

*Donald H. Solomon and Leigh L. Leonard for defendant-appellant.*

WELLS, Judge.

The question before the trial court was whether defendant breached the terms of the separation agreement. Since that issue was answered in defendant's favor and all plaintiff's requests for relief were thereby denied, the threshold issue here is whether defendant has a right to appeal based on the trial court's additional conclusion that the consent order is without force and effect as to the terms regarding education contained in the separation agreement.

In *Roberts v. Akins*, 261 N.C. 735, 136 S.E. 2d 111 (1964), our Supreme Court addressed a similar issue. In that case, the plaintiffs instituted action to enjoin the defendants from computing in a certain manner the selling time allotted to warehouse firms. In their response to an order to show cause, defendants argued that plaintiffs were estopped by judgments entered in the U.S. District Court for the Eastern District of North Carolina. The matter was heard, and the trial court entered an order finding that plaintiffs were asserting rights not previously exercised; the court then denied the plaintiffs' motions and discharged the rule against defendants to show cause. However, the court went on to consider the defendants' estoppel argument; it found that the plaintiffs were not bound by the judgment of the U.S. District Court. Defendants excepted to that portion of the order and appealed. The Supreme Court dismissed the appeal, stating:

> PER CURIAM. The only question before Judge Nimocks was whether plaintiffs should be granted temporary injunctive relief "for the year 1963." It was decided in favor of

defendants. Hence, defendants were not aggrieved by Judge Nimocks' order and their purported appeal must be dismissed. [Citations omitted.]

With reference to defendants' exception to the court's expression of opinion and ruling with reference to defendants' plea of estoppel, it seems appropriate to say: Judge Nimocks' *decision* was not based on this ruling. Moreover, any ruling by Judge Nimocks with reference to defendants' plea of estoppel would have significance only for the purpose of resolving the question then before him. The judge presiding at the final hearing is not bound by said ruling but will decide *de novo* all questions with reference to defendants' said plea. Hence, it does not appear defendants are prejudiced by the portion of Judge Nimocks' order to which they excepted.

*Roberts v. Akins, supra.*

In this case, the trial court stated in its conclusions of law:

1. That the Separation Agreement of March 29, 1978 is a valid and enforceable instrument executed by the parties.

2. That the consent order of November 10, 1980 neither incorporated nor modified the terms of the Separation Agreement.

3. The defendant is not in breach of the Separation Agreement, and the plaintiff has failed to demonstrate that she is entitled to an order of specific performance or any other relief under the terms of the contract.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff's request for relief is denied.

Although the finding that the defendant is not in breach of the separation agreement follows those concerning the validity of the consent order, its order denying plaintiff's request for relief is not *based* on defendant's argument that the separation agreement is not valid. Plaintiff's cause of action was premature; the court found as a matter of fact that defendant paid his daughter's expenses "promptly" when the college submitted a bill in August. To the extent that the court did take into account defendant's assertion that the separation agreement was invalid, it was — as in

*Roberts* — "significant only for the purpose of resolving the question then before him," i.e., whether defendant was in breach of the separation agreement. The trial court's conclusions to which defendant objects do not decide the question of the validity of the questioned portion of the consent order and would not be binding on any court in any future litigation concerning the separation agreement. *Id.* Defendant is therefore not an "aggrieved party" within the meaning of N.C. Gen. Stat. § 1-271. *Carawan v. Tate*, 304 N.C. 696, 286 S.E. 2d 99 (1982); *Coburn v. Timber Corp.*, 260 N.C. 173, 132 S.E. 2d 340 (1963) and the appeal must therefore be dismissed.

Dismissed.

Judges BECTON and ORR concur.