BRYANT K. WASHINGTON, Plaintiff,
v.
TANZEA S. MAHBUBA, Defendant.
No. COA09-968.
Court of Appeals of North Carolina.
Filed April 20, 2010.
Bryant K. Washington pro se plaintiff-appellant.
No brief filed for defendant-appellee.

UNPUBLISHED OPINION
BRYANT, Judge.
Plaintiff Bryant Washington appeals from an order entered 21 May 2009 in Forsyth County District Court in which the trial court denied plaintiff's motion to quash a subpoena seeking the production of various financial records. For the reasons stated herein, we dismiss plaintiff's appeal.
On 24 November 2008, plaintiff filed a complaint against defendant Tanzea Mahbuba seeking divorce from bed and board as well as an unequal division of marital property. Defendant filed a motion to dismiss, an answer and counterclaims for postseparation support and alimony as well as a motion for interim distribution. On 4 May 2009, defendant requested that a subpoena to be served commanding plaintiff to appear before the trial court on 18 May 2009 and produce and permit inspection of the following documents:
1. Copies of documentation of your monthly expense and maintenance and/or homeowners's and/or community dues.
2. Copies of documentation showing that your mortgage payments are current and the monthly amount due.
3. Copies of your pay check stubs from your employment at Winston Salem State University for each pay period during 2009 to date.
4. Documentation showing the cost to you for medical/health insurance for Tanzea S. Mahbuba.
5. Copy of your 2008 Federal tax return.
6. Copy of any and all W2s received for 2008.
7. Documentation of any income you received during 2008 and 2009 from any source other than Winston Salem University.
8. Documentation of life insurance monies received by you following the death of your mother.
Defendant's attorney, Laurie Kelly, signed the subpoena and served it on plaintiff by registered mail. Plaintiff filed a motion to quash the subpoena on the ground that defendant's attorney was not authorized to issue the subpoena under North Carolina Rule of Civil Procedure, Rule 45(a)(4). After a hearing on 20 May 2009, the trial court entered an order concluding that plaintiff's motion to quash the subpoena duces tecum was frivolous, having no basis in law, and should be denied. Moreover, defendant's counsel was awarded attorney's fees in the amount of $200.00 for the time spent defending against plaintiff's motion. From the order denying plaintiff's motion to quash the subpoena, plaintiff appeals.
"A judicial order is either interlocutory or the final determination of the rights of the parties." Embler v. Embler, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (citation and internal quotations omitted). "An interlocutory order is one which is made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Rauch v. Urgent Care Pharm., Inc., 178 N.C. App. 510, 514, 632 S.E.2d 211, 215 (2006) (citation and internal quotations omitted). "There is no right of immediate appeal from an interlocutory order, . . . but such appeals are allowed if they involve a matter of law or legal inference that affects a substantial right of the appellant." Frost v. Mazda Motor of Am., Inc., 353 N.C. 188, 192, 540 S.E.2d 324, 327 (2000) (internal citation omitted). "Fragmentary appeals should not be encouraged and appeals should not be permitted from interlocutory orders entered from time to time pending final adjudication on the merits of the case." Carolina Overall Corp. v. East Carolina Linen Supply, Inc., 1 N.C. App. 318, 319, 161 S.E.2d 233, 234 (1968). "Moreover, this Court has recently held that an order upon a motion to quash a subpoena did not affect a substantial right and thus was not immediately appealable. See N.C. State Bd. of Dental Examiners v. Woods, ___ N.C. App. ___, 688 S.E.2d 84 (2010); see also Waldron Buick Co. v. General Motors Corp., 251 N.C. 201, 110 S.E.2d 870 (1959) (holding order refusing to quash subpoena duces tecum, which merely required individual to whom it was directed to give evidence with respect to facts and data obtained by him, did not injuriously affect any substantial right, and dismissing appeal therefrom). Therefore, the trial court order denying plaintiff's motion to quash a subpoena requesting financial records in anticipation of separation or divorce is interlocutory. Plaintiff has not met his burden to show that a substantial right will be affected unless his appeal is allowed. Accordingly, plaintiff's appeal is dismissed.
Dismissed.
Judges STEELMAN and BEASLEY concur.
Report per Rule 30(e).