DAVID D. BROTHERTON v. WILLIAM T. PARAMORE

No. 6926SC355

(Filed 13 August 1969)

1. Torts §§ 1, 2;    Master and Servant § 32;    Judgments §§ 36, 54— injury to third persons — recovery against employer — liability of employee — respondeat superior

    Where plaintiff was injured by a State Highway Commission employee acting in the course and scope of his employment and has recovered damages in a tort claim proceeding against the Commission under the principle of *respondeat superior* for the negligence of its employee, plaintiff may not thereafter maintain an independent action against the employee to recover for the same injury.

APPEAL by plaintiff from *Clarkson, E. J.*, 17 February 1969 Schedule D Session, MECKLENBURG Superior Court.

On 7 August 1967, defendant, an employee of the State Highway Commission acting within the course and scope of his employment, drove a State Highway Commission automobile into the rear of plaintiff's automobile causing personal injury to plaintiff.

On 17 April 1968 plaintiff filed a claim under the Tort Claims Act seeking an award of damages for personal injury from the State Highway Commission by reason of the negligent act of its employee William T. Paramore (the defendant in this action) on 7 August 1967. On 10 May 1968, plaintiff filed complaint in this action alleging negligence against defendant and seeking an award of damages from the defendant for personal injury to plaintiff on 7 August 1967. Summons in this action was not served on defendant until 23 July 1968 (the day of the hearing before the Industrial Commission).

A hearing under the Tort Claims Act was conducted on 23 July 1968 as a result of which the hearing commissioner found the Highway Commission employee, William T. Paramore, guilty of negligence and awarded to the plaintiff the sum of $6,000.00 as compensation for his personal injury. No appeal has been perfected by either party from this award, and plaintiff has been paid and has accepted the $6,000.00.

Thereafter defendant filed an amendment to his answer in this case alleging plaintiff's recovery under the Tort Claims Act for the same personal injury, and by reason of the negligence of the same person, as alleged in this action. The amendment prayed for dismissal of this action on the grounds that the award under the Tort Claims Act was *res adjudicata.*

Judge Clarkson allowed defendant's motion to dismiss and plaintiff appealed.

*Strickland and Robinson, by William G. Robinson, for plaintiff appellant.*

*Wardlow, Knox, Caudle & Wade, by J. J. Wade, Jr., and Robert Morgan, Attorney General, by Fred P. Parker, III, for defendant appellee.*

BROCK, J.

The Attorney General appears for defendant upon defendant's request as a state employee under G.S. 143-300.2 *et seq.*

The defendant, Paramore, and the State Highway Commission are not alleged to be joint tort-feasors; the recovery against the Highway Commission was upon the principle of *respondeat superior.* There is no negligent conduct alleged against anyone but Paramore and the ultimate liability was his; liability of the Highway Commission is predicated solely upon the principle of *respondeat superior.* Recovery against it was bottomed upon negligence of Paramore while acting as its employee within the course of his employment.

We think the rationale of the opinion in *Bowen v. Insurance Co.,* 270 N.C. 486, 155 S.E. 2d 238, is clearly applicable here. The plaintiff has recovered damages from and has been paid by Paramore's employer for the negligence of Paramore at the time and place in question in this lawsuit; plaintiff cannot now, in an independent action against Paramore, seek to enhance his original recovery.

Plaintiff argues that he should be allowed to proceed with this

action because he is constitutionally entitled to trial by jury which he did not receive under the Tort Claims Act. There is no merit in this contention. The immunity of the State against being sued was waived by the State to the extent of and under the conditions set out in the Tort Claims Act. Plaintiff availed himself of this opportunity to proceed against the State; he was not required to do so.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.