FRED C. BROWN v. S. W. VANCE, M.D.

No. 8124SC410

(Filed 5 January 1982)

**Judgments § 36.6; Master and Servant § 32; State § 9— action against negligent employee—recovery in tort claim action as res judicata**

   Plaintiff's claim against defendant physician for negligent treatment of plaintiff while he was an inmate of the Department of Corrections was barred by an award of $15,000 made to plaintiff by the Industrial Commission in an action under the Tort Claims Act against defendant's employer, the Department of Corrections, based solely on the negligence of defendant.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 9 February 1981 in Superior Court, AVERY County. Heard in the Court of Appeals 8 December 1981.

Plaintiff initiated this action against defendant to recover for defendant's medical malpractice. In his complaint plaintiff alleged that he was an inmate at the Avery County Unit of the Department of Corrections and that defendant was the physician who treated the inmates. The complaint further alleged that defendant was negligent in the treatment of plaintiff's diabetes and the ulcer on plaintiff's leg; that plaintiff's lower left leg was amputated as a result of defendant's negligence; and that plaintiff experienced pain and suffering and suffered damages as a result of this negligence. Plaintiff prayed for recovery of damages in excess of $10,000.

In his answer defendant denied negligence. By amended answer defendant alleged that plaintiff's action was barred by the decision and order of the North Carolina Industrial Commission awarding plaintiff $15,000 for the same claim in a proceeding by plaintiff against the Department of Corrections. Defendant alternatively alleged that the award by the Industrial Commission placed a ceiling of $15,000 on the amount of damages plaintiff could recover from defendant.

Defendant moved for summary judgment. The court found that plaintiff's recovery under the Tort Claims Act barred his claim and allowed summary judgment and dismissed the claim.

*Robert H. West for plaintiff appellant.*

*Mitchell, Teele, Blackwell & Mitchell by Hugh A. Blackwell for defendant appellee.*

CLARK, Judge.

Plaintiff argues strenuously that the court erred in granting defendant's motion for summary judgment in that the recovery under the Tort Claims Act was not *res judicata* in this action. However, we agree with the trial court that plaintiff's claim was barred by the recovery awarded him by the Industrial Commission and hold, therefore, that the granting of summary judgment was proper.

We find this case is controlled by *Brotherton v. Paramore*, 5 N.C. App. 657, 169 S.E. 2d 36 (1969). In that case plaintiff had filed a claim under the Tort Claims Act seeking an award of damages for personal injuries against the State Highway Commission for the negligent act of its employee Paramore. Plaintiff was awarded $6,000 in damages from the Highway Commission. A pending civil action against Paramore individually was subsequently dismissed on the ground that the award under the Tort Claims Act was *res judicata*. This Court affirmed the order dismissing plaintiff's complaint, holding that:

> "The defendant, Paramore, and the State Highway Commission are not alleged to be joint tort-feasors; the recovery against the Highway Commission was upon the principle of *respondeat superior*. There is no negligent conduct alleged against anyone but Paramore and the ultimate liability was his; liability of the Highway Commission is predicated solely upon the principle of *respondeat superior*. Recovery against it was bottomed upon negligence of Paramore while acting as its employee within the course of his employment.

> We think the rationale of the opinion in *Bowen v. Insurance Co.*, 270 N.C. 486, 155 S.E. 2d 238, is clearly applicable here. The plaintiff has recovered damages from and has been paid by Paramore's employer for the negligence of Paramore at the time and place in question in this lawsuit; plaintiff cannot now, in an independent action against Paramore, seek to enhance his original recovery."

Brown v. Vance

*Id.* at 658, 169 S.E. 2d at 37-38.

Plaintiff in the case *sub judice* recovered the sum of $15,000 in his claim against defendant's employer, the Department of Corrections, under the Tort Claims Act. No appeal was taken from this award, and plaintiff has been paid and has accepted the $15,000. Under the Tort Claims Act, in 1976 when plaintiff's injuries occurred, G.S. 143-291 provided for a maximum recovery against the State in the amount of $30,000. Clearly, the Industrial Commission determined the total amount of plaintiff's damages for his injuries in light of the $30,000 ceiling on recoveries under the Act. As stated in *Brotherton, supra,* plaintiff cannot now seek in this action to enhance his original recovery. It is well-settled law in this State that even though separate judgments against employer and employee may be obtained by the injured party under the doctrine of *respondeat superior,* there may be only one satisfaction, and payment of one judgment extinguishes the other. An injured party cannot recover twice for the same wrong. *Real Estate Trust v. Debnam,* 299 N.C. 510, 263 S.E. 2d 595 (1980); *Bowen v. Ins. Co.,* 270 N.C. 486, 155 S.E. 2d 238 (1967). Plaintiff cannot now be heard to complain that the act of defendant inflicted greater damage than that recovered at his first trial.

We think that plaintiff's reliance on the case of *Wirth v. Bracey,* 258 N.C. 505, 128 S.E. 2d 810 (1963), is misplaced. *Wirth* is clearly distinguishable, for in that case the issue was whether a pending claim under the Tort Claims Act abated an action by the injured party against the individual employee for injuries resulting from the same act of negligence. No final judgment or payment of award had been made; and, therefore, there had been no satisfaction of plaintiff's claim.

We hold that plaintiff's claim against the defendant was properly dismissed on the ground that his previous recovery under the Tort Claims Act was *res judicata.*

Affirmed.

Judges WHICHARD and BECTON concur.