DEBORAH C. TEMPLETON AND GARY W. TEMPLETON, PLAINTIFFS V. APEX HOMES, INC., SOL A. JAFFA IN HIS CAPACITY AS TRUSTEE, AND MICHAEL I. JAFFA IN HIS CAPACITY AS TRUSTEE, DEFENDANTS

No. COA03-570

(Filed 18 May 2004)

**Appeal and Error— aggrieved parties—lack of standing**

    Plaintiffs' appeal in a restrictive covenants case challenging the trial court's entry of summary judgment in defendants' favor as to the setback requirement and the prohibition against temporary structures is dismissed since plaintiffs are not aggrieved parties within the meaning of N.C.G.S. § 1-271, and thus, lack standing to appeal, because: (1) the trial court's resolution of those issues in this case was neither necessary nor essential to the court's judgment that the pertinent house was in violation of the applicable restrictive covenants and should be removed; (2) when a party has prevailed below and any subsidiary adverse rulings will not subject the party to collateral estoppel on those issues, the party is not aggrieved for purposes of appeal; and (3) the only relief sought by plaintiffs was removal of the house, and the trial court granted that remedy.

Appeal by plaintiffs from order entered 12 February 2003 by Judge Ripley E. Rand in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 February 2004.

TEMPLETON v. APEX HOMES, INC.

[164 N.C. App. 373 (2004)]

*Aaron E. Michel, for plaintiffs-appellants.*

*No brief filed on behalf of Apex Homes, Inc., defendant-appellee.*

*No brief filed on behalf of Sol. A. Jaffa and Michael I. Jaffa, defendants-appellees.*

GEER, Judge.

Plaintiffs Deborah C. and Gary W. Templeton obtained a judgment in their favor concluding that defendants had moved a house onto the lot next door to the Templetons in violation of two applicable restrictive covenants. The trial court ordered defendant Apex Homes, Inc. to remove the house. Defendants have chosen to comply with the court's judgment rather than appeal it. The Templetons have, however, appealed, arguing that the trial court should have concluded that defendants violated four restrictive covenants rather than just two. Because the Templetons are not aggrieved parties within the meaning of N.C. Gen. Stat. § 1-271 (2003), we dismiss this appeal.

## Facts

The Templetons purchased a lot and house at 2701 Sandy Porter Road in Charlotte, North Carolina on 30 April 1998. Their property adjoins property purchased by defendant Apex Homes on 5 April 2001. The Apex Homes property, at 2715 Sandy Porter Road, is subject to a deed of trust held by defendants Sol. A. and Michael I. Jaffa.

The Templeton and Apex Homes properties were created by a subdivision of two lots ("Lots 1 and 2") in 1997. As a result of the 1997 subdivision, the Templeton property is a corner lot that abuts both Sandy Porter Road and Oakhaven Drive. The Apex Homes property is a composite of parts of the original Lots 1 and 2, abutting only Sandy Porter Road.

On or about 10 April 2001, Apex Homes moved a small wood-frame house built in 1946 onto the property. The house ("Apex Homes house") was placed 56.32 feet from Sandy Porter Road, with its front facing Sandy Porter Road.

The parties agreed below that ten restrictive covenants applied to the Templeton and Apex Homes properties. On 1 October 2001, the Templetons sued Apex Homes and the Jaffas, alleging that the Apex Homes house violated five of the restrictive covenants:

3. Any residence erected on said property shall contain a minimum of 1500 square feet of heated floor space.

4. No building shall be erected on any lot nearer than 100 feet to the street or road on which it faces.

5. No temporary structure shall be placed on said property and used as a residence.

6. No noxious or offensive use shall be made of said property nor shall the property be used in any way so as to constitute a nuisance.

7. All residences must be of brick construction.

The Templetons requested a permanent injunction requiring defendants to remove the house from the lot and prohibiting defendants from further construction of any structure on the lot violating the restrictive covenants. In the event that the court failed to issue the requested injunction, plaintiffs sought an award of monetary damages. Defendants filed answers denying the material allegations of the complaint.

The Templetons subsequently moved for summary judgment, seeking an order concluding that the house violated paragraphs 3, 4, 5, and 7 of the restrictive covenants. At a hearing on plaintiffs' motion, the parties announced that defendants had conceded as to all issues but two. The two issues in dispute were: (1) whether the location of the Apex Homes house violated the 100-foot setback requirement of restrictive covenant 4 (identified in the record as "issue 3"); and (2) whether the Apex Homes house was a temporary structure in violation of restrictive covenant 5 (identified in the record as "issue 4").

After hearing argument on those two remaining issues, the trial judge stated that he would enter partial summary judgment in favor of the Templetons on the issues defendants had conceded. With respect to the questions still in dispute, issues 3 and 4, the court ruled:

With respect to issues 3 and 4, as to issue 3, the Court finds that there is a material dispute, genuine issue of fact, and summary judgment is denied as to that.

And as to issue 4, the Court finds that there is a genuine issue of material fact as to that, and summary judgment is denied as to that.

Plaintiffs' counsel then argued that because of the two violations found by the court, "Plaintiff[s] would be entitled to the relief requested, the removal of the Defendant's structure." Counsel for Apex Homes, however, urged the court to order Apex Homes to modify the house to conform with the restrictions within a specified period. The trial court decided not to order a remedy, but rather to allow the case to proceed to trial the following week:

> I don't think that it's appropriate for me at this point given that there are still outstanding issues, to make a ruling that that's premature.

> If the case is scheduled to go on the trial calendar next week, I'm inclined just to rule as I have ruled, enter an order to that effect, and then however the trial shakes out, that will be up to the Trial Judge to decide what, if anything, to do once the case is concluded in its entirety.

At that point, counsel for Apex Homes made an oral motion for summary judgment in its favor on the two disputed issues. Plaintiffs' counsel stated: "Of course, if the Court entered summary judgment in favor of the Defendant on those two points at this point, then the case would be ripe for providing the remedy." The court accordingly granted summary judgment for defendant on the remaining two issues. Plaintiffs' counsel noted his exception "to entering summary judgment against the Plaintiffs without notice."

The trial court then asked: "What do we do with the property?" Plaintiffs' counsel responded: "The case law is clear on the remedy. That remedy is removal. I'm not aware of any case in which any other remedy has been provided once it's been found that the restrictive covenants . . . [have] been breached." Plaintiffs did not seek any further relief or remedy apart from removal of the house. Counsel for Apex Homes again requested time to renovate the house to bring it into compliance with the restrictive covenants. The court ultimately scheduled a hearing for the following day to allow the parties time to conduct additional research regarding the appropriate remedy. At the second hearing, following argument, the court ruled: "[N]ow with respect to the remedy that the judgment of the Court is that the Defendant [Apex Homes] shall remove the offending property, or the offending structure from the property, and will have 45 days from today's date to do so."

On 12 February 2003, the trial court entered its order granting summary judgment to plaintiffs in part and to defendants in part and

ordering defendant Apex Homes to remove the residence at 2715 Sandy Porter Road by 16 March 2003 at 5:00 p.m. The Templetons filed notice of appeal on 11 March 2003. On 24 July 2003, Apex Homes filed a Notice of Non-Opposition, informing this Court that it does not oppose the Templetons' appeal as it has removed the Apex Homes house as ordered.

## Discussion

On appeal, the Templetons challenge the trial court's entry of summary judgment in defendants' favor as to the setback requirement and the prohibition against temporary structures. They argue that they were entitled either to summary judgment on those issues or, if a genuine issue of material fact existed, a trial.

We first note that the trial court initially concluded that a trial was appropriate on those issues, but that the parties joined together to encourage the court to enter summary judgment on all issues in order to proceed immediately to the question of remedy. It appears, therefore, that plaintiffs may have invited any error, precluding them from appealing the trial court's entry of summary judgment. Our Courts have long held to the principle that a party may not appeal from a judgment entered on its own motion, *Wachovia Bank & Trust Co. v. Morgan*, 9 N.C. App. 460, 466, 176 S.E.2d 860, 864 (1970), or provisions in a judgment inserted at its own request, *Dillon v. Wentz*, 227 N.C. 117, 123, 41 S.E.2d 202, 207 (1947).

We need not, however, base our decision on this principle because the Templetons are not a "party aggrieved" within the meaning of N.C. Gen. Stat. § 1-271 and, therefore, lack standing to appeal. N.C. Gen. Stat. § 1-271 ("Any party aggrieved may appeal in the cases prescribed in this Chapter."). "A party aggrieved is one whose rights are substantially affected by judicial order." *Carawan v. Tate*, 304 N.C. 696, 700, 286 S.E.2d 99, 101 (1982). The Templetons have failed to show that their rights were substantially affected by the trial court's judgment. At the summary judgment hearing, plaintiffs sought a single remedy: removal of the house. The trial court entered judgment ordering precisely that remedy.

The Templetons' brief on appeal suggests that they are concerned that the trial court's order may allow defendants in the future to violate the two restrictions upon which the Templetons did not prevail. This argument appears to be based on a belief that in the absence of an appeal of the grant of summary judgment as to those two restric-

tions, the Templetons may be subject to the defense of collateral estoppel in any litigation arising out of future construction on the lot. This concern is misplaced.

Collateral estoppel or issue preclusion may arise only when four requirements have been met:

> "(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issue must have been material and relevant to the disposition of the prior action; and *(4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.*"

*Key v. Burchette*, 134 N.C. App. 369, 371, 517 S.E.2d 667, 669 (emphasis added; quoting *Johnson v. Smith*, 97 N.C. App. 450, 452-53, 388 S.E.2d 582, 583-84, *disc. review denied*, 326 N.C. 596, 393 S.E.2d 878 (1990)), *disc. review denied*, 351 N.C. 106, 540 S.E.2d 363 (1999). Even if precisely the same issues regarding the restrictive covenants should arise in future litigation, the trial court's resolution of those issues in this case was neither necessary nor essential to the court's judgment that the Apex Homes house was in violation of applicable restrictive covenants and should be removed.

When a party has prevailed below and any subsidiary adverse rulings will not subject the party to collateral estoppel on those issues, the party is not aggrieved for purposes of appeal. *Lennon v. Wahler*, 84 N.C. App. 141, 145, 351 S.E.2d 843, 845 (1987) (when judgment was entered in defendant's favor, defendant could not appeal from adverse conclusion of law because it "would not be binding on any court in any future litigation"). Because the only relief sought by the Templetons was removal of the Apex Homes house and the trial court granted that remedy and because any adverse determinations were not necessary and essential to the judgment, the Templetons are not "aggrieved" within the meaning of N.C. Gen. Stat. § 1-271. This appeal must be dismissed. *Gaskins v. Blount Fertilizer Co.*, 260 N.C. 191, 195, 132 S.E.2d 345, 347 (1963) ("Where a party is not aggrieved by the judicial order entered, as in the present case, his appeal will be dismissed.").

Dismissed.

Chief Judge MARTIN and Judge STEELMAN concur.