MICHAEL HARRISON GREGORY AND WIFE, VIVIAN GREGORY, PLAINTIFFS v. LEON REECE PENLAND, SR., ADMINISTRATOR OF THE ESTATE OF LEON REECE PENLAND, JR., DEFENDANT

JILL ANN WARD AND HUSBAND, WILLIAM BRYAN WARD, PLAINTIFFS v. LEON REECE PENLAND, SR., ADMINISTRATOR OF THE ESTATE OF LEON REECE PENLAND, JR., DEFENDANT

SHIRLEY CHRISTY SNAPP AND HUSBAND, JOSEPH LEE SNAPP, PLAINTIFFS v. LEON REECE PENLAND, SR., ADMINISTRATOR OF THE ESTATE OF LEON REECE PENLAND, JR., DEFENDANT

No. COA05-885
No. COA05-952
No. COA05-953

(Filed 19 September 2006)

**1. Appeal and Error— appealability—denial of summary judgment—res judicata and collateral estoppel—substantial right**

Although an appeal from the denial of a motion for summary judgment is generally an appeal from an interlocutory order, the trial court had jurisdiction to hear defendant's argument that plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel, because: (1) a substantial right is affected when the same factual issues would be present in both trials and the possibility of inconsistent verdicts on those issues exists; and (3) the issues raised by defendant on appeal, if resolved in her favor, meet these criteria.

**2. Collateral Estoppel and Res Judicata— res judicata— Industrial Commission and superior court actions—privity**

The trial court did not err by denying defendant's motion for summary judgment and by granting summary judgment to plaintiffs with respect to defendant's affirmative defense of res judicata even though plaintiffs brought a claim against the State under the State Tort Claims Act in the Industrial Commission while the action currently on appeal is a common law claim against an individual, because: (1) our Supreme Court has previously held that a claim against the State in the Industrial Commission does not constitute another action pending between the same parties for the same cause as an action filed in superior court; (2) the relationship of principal and agent or master and servant does not create the privity required for res judi-

cata; and (3) the issue of one satisfaction of judgments is not present in this case.

**3. Collateral Estoppel and Res Judicata— collateral estoppel—gross negligence—not actually litigated**

The trial court did not err by denying defendant's motion for summary judgment and by granting summary judgment to plaintiffs with respect to defendant's affirmative defense of collateral estoppel even though defendant contends a finding of the North Carolina Industrial Commission in an action brought under the State Tort Claims Act that decedent was not grossly negligent precludes recovery in this case under N.C.G.S. § 166A-14, because: (1) the Industrial Commission lacked jurisdiction to address decedent's gross negligence since the Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an employee of a state agency; (2) under N.C.G.S. § 166A-14, the State has maintained its sovereign immunity with respect to emergency management operations; and (3) plaintiffs' claim of gross negligence under the Emergency Management Act was not actually litigated before the Commission or necessary to its judgment.

Appeal by defendant from judgments entered 7 April 2005 by Judge William C. Gore in Brunswick County Superior Court. Heard in the Court of Appeals 21 February 2006.

*Baker & Slaughter P.A., by H. Mitchell Baker, III and M. Troy Slaughter, for plaintiffs-appellees.*

*Johnson, Lambeth & Brown, by Maynard M. Brown and Anna J. Averitt, for defendant-appellant.*

GEER, Judge.

Defendant, the Administratrix of the Estate of Leon Reece Penland, Jr.,[1] appeals from an order of the trial court denying her motion for summary judgment and granting summary judgment to plaintiffs Vivian and Michael Harrison Gregory, Jill Ann and William Bryan Ward, and Shirley and Joseph Snapp with respect to defendant's affirmative defenses of res judicata and collateral estoppel. As the issues presented in these separate appeals involve common

---

1. Originally, plaintiffs sued Leon Reece Penland, Sr. as the administrator of SPC Penland's estate. Subsequently, Merinda S. Woody was substituted as the administratrix.

GREGORY v. PENLAND

[179 N.C. App. 505 (2006)]

questions of law, we have consolidated the appeals for purposes of decision.

Defendant contends that a finding of the North Carolina Industrial Commission, in an action brought under the State Tort Claims Act, that Leon Reece Penland, Jr. ("SPC Penland") was not grossly negligent precludes recovery in this case under N.C. Gen. Stat. § 166A-14 (2005). Because, however, the Industrial Commission proceeding and this action do not involve an identity of claims or parties, the doctrine of res judicata is inapplicable. Further, the Commission had no jurisdiction to make any finding regarding SPC Penland, and, therefore, the gross negligence finding cannot be a basis for collateral estoppel. Accordingly, we hold the trial court properly granted summary judgment on defendant's affirmative defenses.

## Facts

The facts of this case are largely undisputed. On 14 September 1999, following Hurricane Floyd, North Carolina Governor James B. Hunt, Jr. issued a Proclamation of a State of Disaster for the North Carolina coastline under the North Carolina Emergency Management Act, N.C. Gen. Stat. §§ 166A-1 through -53 (2005). As part of the Emergency Operations Plan, the North Carolina National Guard, including SPC Penland, was called to active duty in the area of Oak Island, North Carolina. The National Guard and volunteers, including plaintiffs Jill Ward, Michael Gregory, and Shirley Snapp, performed beach patrols in which they attempted to keep people off of the beaches.

Late in the evening on 22 September 1999, SPC Penland was waiting at a local fire department for another National Guard member. While there, SPC Penland met Ms. Ward, Mr. Gregory, and Ms. Snapp, who told SPC Penland that they were bored and were interested in riding in a Humvee. Although he had never previously driven a Humvee on a beach, SPC Penland offered to take the group in a Humvee on a beach patrol.

SPC Penland drove east along the beach until the end of the island, turned around, "gunned the engine," and "did a little fish-tail" before straightening back out. Although Mr. Gregory advised SPC Penland to follow his outbound tracks and stay on the hard-packed sand if he wished to increase the speed, SPC Penland drove toward the softer sand by the dunes and "accelerat[ed] to significantly higher

speeds than he had originally driven." As the Humvee bounced over the dunes, "the vehicle became airborne," then "landed and . . . vaulted again."

When it landed for the second time, the Humvee flipped over. All three passengers were injured, and SPC Penland was thrown from the vehicle and killed. No one had seen the speedometer, but Ms. Ward and Ms. Snapp believed the vehicle had been going "extremely fast," which Ms. Ward estimated to be about 50 or 55 miles per hour. Mr. Gregory estimated that the Humvee had been going between 40 and 50 miles per hour.

Plaintiffs ultimately filed a complaint against defendant in Brunswick County Superior Court alleging gross negligence by SPC Penland. Based on the same facts, plaintiffs also brought an action in the Industrial Commission against the North Carolina National Guard under the State Tort Claims Act, N.C. Gen. Stat. §§ 143-291 through -300.1A (2005). Prior to the adjudication of plaintiffs' claims in superior court, Deputy Commissioner Morgan S. Chapman denied plaintiffs' claims in the Industrial Commission. Plaintiffs appealed and, on 2 December 2003, the Full Commission likewise entered an opinion and award in favor of the State.

The Commission relied upon N.C. Gen. Stat. § 166A-14(a), which provides:

> (a) All functions hereunder and all other activities relating to emergency management are hereby declared to be governmental functions. Neither the State nor any political subdivision thereof, nor, except in cases of willful misconduct, gross negligence or bad faith, any emergency management worker complying with or reasonably attempting to comply with this Article or any order, rule or regulation promulgated pursuant to the provisions of this Article or pursuant to any ordinance relating to any emergency management measures enacted by any political subdivision of the State, shall be liable for the death of or injury to persons, or for damage to property as a result of any such activity.

Applying this statute, the Commission found that SPC Penland "was an emergency management worker acting within the course of his employment" on the date of the accident and that he had "breached his duty of care" toward plaintiffs. The Commission concluded, however, that plaintiffs were not entitled to recover under the State Tort Claims Act because the Emergency Management Act

did not permit recovery *against the State* for an emergency management worker's actions "committed during emergency management operations." The Commission further found that SPC Penland's "actions did not rise to the level required in order to constitute gross negligence," as required for individual liability under the Emergency Management Act. Plaintiffs ultimately chose not to appeal the Full Commission's decision.

Subsequently, defendant moved for summary judgment in superior court, contending that the Commission's finding that SPC Penland was not grossly negligent precluded plaintiffs' action based on res judicata and collateral estoppel. The court disagreed and instead entered summary judgment for plaintiffs on defendant's defenses of res judicata and collateral estoppel. Defendant timely appealed to this Court.

Discussion

[1] As an initial matter, we must address whether this Court has jurisdiction to hear defendant's appeal since it involves an interlocutory order. An order is interlocutory if "it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *Howerton v. Grace Hosp., Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996). There is generally no right to appeal an interlocutory order. *Id.*

An interlocutory order is subject to immediate appeal only if (1) the order is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to Rule 54(b) of the Rules of Civil Procedure, or (2) the trial court's decision deprives the appellant of a substantial right that will be lost absent immediate review. *Id.* Because the trial court did not include a Rule 54(b) certification in its order, we have jurisdiction over defendant's appeal only if the trial court's order deprived defendant of a substantial right.

" 'The right to avoid one trial on . . . disputed issues is not normally a substantial right that would allow an interlocutory appeal, [but] the right to avoid the possibility of two trials on the same issues can be such a substantial right.' " *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982) (quoting *Survey of Developments in N.C. Law, 1978*, 57 N.C. L. Rev. 827, 907-08 (1979)). In such situations, "[a] substantial right is affected when '(1) the same factual issues would be present in both trials and (2) the possibility of incon-

sistent verdicts on those issues exists.' " *In re Estate of Redding v. Welborn*, 170 N.C. App. 324, 328, 612 S.E.2d 664, 668 (2005) (quoting *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 735-36, 460 S.E.2d 332, 335 (1995)).

Because the issues raised by defendant on appeal, if resolved in her favor, meet these criteria, we hold that defendant has sufficiently demonstrated the existence of a substantial right that would be lost if we waited to review these issues until after a final judgment. *See Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (noting "the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable" because defendant may "twice have to defend against the same claim by the same plaintiff [and participate in] . . . a second trial in frustration of the underlying principles of the doctrine of *res judicata*"). Accordingly, we have jurisdiction to address defendant's argument that plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

I

**[2]** Our Supreme Court recently explained that "[u]nder the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). For defendants to establish that a plaintiff's claim is barred by res judicata, they "must show (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Erler v. Aon Risks Servs., Inc. of the Carolinas*, 141 N.C. App. 312, 316, 540 S.E.2d 65, 68 (2000), *disc. review denied*, 548 S.E.2d 738 (2001). There is no dispute that the Commission's opinion and award constituted a final judgment entitled to res judicata effect. *See Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 138, 502 S.E.2d 58, 61 ("The doctrine of *res judicata* precludes relitigation of final orders of the Full Commissions . . . ."), *disc. review denied*, 349 N.C. 228, 515 S.E.2d 700 (1998). We hold, however, that defendant has failed to meet the second and third requirements for res judicata.

In the Industrial Commission, plaintiffs brought a claim against the State under the State Tort Claims Act, while the action currently on appeal is a common-law claim against an individual. Our Supreme

GREGORY v. PENLAND

[179 N.C. App. 505 (2006)]

Court has previously held that a claim against the State in the Industrial Commission "did not constitute *another action* pending *between the same parties* for the same cause" as an action filed in superior court against a state employee. *Wirth v. Bracey*, 258 N.C. 505, 507, 128 S.E.2d 810, 812 (1963). As a result, *Wirth* establishes that plaintiffs' cause of action in the Industrial Commission is not the same as the cause of action in superior court.

This view is confirmed by *Meyer v. Walls*, 347 N.C. 97, 108, 489 S.E.2d 880, 886 (1997):

> Furthermore, the fact that the Tort Claims Act provides for subject matter jurisdiction in the Industrial Commission over a negligence claim against the State does not preclude a claim against defendants in Superior Court. A plaintiff may maintain both a suit against a state agency in the Industrial Commission under the Tort Claims Act and a suit against the negligent agent or employee in the General Court of Justice for common-law negligence.

If, under *Meyer*, a plaintiff may properly bring both a claim in the Industrial Commission and a claim in superior court, then the causes of action cannot be identical.[2] The Commission's decision thus does not meet the second requirement of res judicata.

With respect to the third element of res judicata, since the parties were not identical, defendant must establish that SPC Penland was in privity with the North Carolina National Guard. " '[P]rivity' for purposes of *res judicata* . . . denotes a mutual or successive relationship to the same rights of property." *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 417, 474 S.E.2d 127, 130 (1996) (internal quotation marks omitted). " 'Privity is not established, however, from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action.' " *Id.* (quoting 47 Am. Jur. 2d *Judgments* § 663 (1995)).

---

2. Res judicata also bars a party from filing a subsequent action for any claims that could have been asserted in the prior action. *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 23, 331 S.E.2d 726, 730 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986). Plaintiffs, in this case, could not have asserted their claims against defendant in their Industrial Commission proceeding: "[T]he Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an employee of a state agency." *Meyer*, 347 N.C. at 105, 489 S.E.2d at 884.

Typically, "[i]n order for a person to be privy to an action, he must have acquired an interest in the subject matter of the action either by succession, inheritance, or purchase from a party subsequent to the action." *Smith v. Smith*, 334 N.C. 81, 85, 431 S.E.2d 196, 198 (1993). That basis for privity does not exist in this case. Instead, the only relationship relied upon by defendant is the fact that SPC Penland was the employee of the National Guard alleged to be negligent. It is, however, well established that "[t]he relationship of principal and agent or master and servant does not create [the] privity" required for res judicata. *Kayler v. Gallimore*, 269 N.C. 405, 408, 152 S.E.2d 518, 521 (1967). Indeed, in *Kaminsky v. Sebile*, 140 N.C. App. 71, 81, 535 S.E.2d 109, 115-16 (2000), this Court held that no privity existed for res judicata purposes between a member of the military and the United States Army.

Moreover, our Supreme Court has held:

> One is 'privy,' when the term is applied to a judgment or decree, whose interest has been *legally* represented at the trial. A party will not be concluded by a former judgment unless he could have used it as a protection, or as a foundation of a claim, had the judgment been the other way.

*Masters v. Dunstan*, 256 N.C. 520, 526, 124 S.E.2d 574, 578 (1962). *See also Kayler*, 269 N.C. at 407, 152 S.E.2d at 520 ("[A] party to the subsequent action, who was not a party to the former action and, therefore, is not estopped by the judgment therein, cannot assert that judgment as an estoppel against his opponent, even though the opponent was a party to the action in which the judgment was rendered."). Here, if the judgment had been in plaintiffs' favor in the Industrial Commission, defendant would not have been bound by that judgment. Accordingly, defendant is not in privity with the State such that plaintiffs' claims against defendant are barred by res judicata.

Defendant cites *Brotherton v. Paramore*, 5 N.C. App. 657, 169 S.E.2d 36 (1969), and *Mason v. N.C. State Highway Comm'n*, 7 N.C. App. 644, 173 S.E.2d 515 (1970), as support for application of res judicata. We find neither decision controlling. *Brotherton*, in which the plaintiff had recovered damages against the State in the Industrial Commission and sought to recover additional damages from the state employee, applied the rule set out in *Bowen v. Iowa Nat'l Mut. Ins. Co.*, 270 N.C. 486, 496, 155 S.E.2d 238, 246 (1967): "Although separate judgments may be rendered against the agent and his principal arising out of the same cause of action, there can be but one satisfaction

of the judgments arising on the same cause of action . . . ." *See Brotherton*, 5 N.C. App. at 658, 169 S.E.2d at 37 ("We think the rationale of the opinion in *Bowen* . . . is clearly applicable here."). The issue of one satisfaction of judgments is not present in this case. In *Mason*, both the prior action and the subsequent action (found barred by res judicata) were filed in the Industrial Commission against the State under the State Tort Claims Act, with the only distinction being the identity of the employees alleged to have been negligent. 7 N.C. App. at 646, 173 S.E.2d at 516. In this case, plaintiffs have not attempted to file a second action in the Industrial Commission alleging negligence by a state employee other than SPC Penland, and we fail to see how *Mason* supports defendant's position.

Res judicata does not, therefore, bar plaintiffs' claims. We now turn to defendant's arguments regarding collateral estoppel.

II

**[3]** The Industrial Commission, in addition to concluding that the State could not be held liable under N.C. Gen. Stat. § 166A-14(a), found that "[a]lthough [SPC Penland] breached his duty of care to his three passengers by driving too fast, his actions did not rise to the level required in order to constitute gross negligence." A state employee may not be held liable under N.C. Gen. Stat. § 166A-14(a) unless grossly negligent, engaging in willful misconduct, or acting in bad faith. Defendant contends that collateral estoppel precludes plaintiffs from relitigating whether SPC Penland's actions constituted gross negligence.

In *Whitacre Partnership*, the Supreme Court explained that "[w]hereas res judicata estops a party or its privy from bringing a subsequent action based on the 'same claim' as that litigated in an earlier action, collateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." 358 N.C. at 15, 591 S.E.2d at 880. For defendant "to assert a plea of collateral estoppel under North Carolina law as traditionally applied, [defendant] would need to show that [1] the earlier suit resulted in a final judgment on the merits, [2] that the issue in question was identical to an issue actually litigated and necessary to the judgment, and [3] that both [defendant] and [plaintiffs] were either parties to the earlier suit or were in privity with parties." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 429, 349 S.E.2d 552, 557 (1986). The Court in *Hall*, however, went on to abandon the third requirement, commonly called "mutuality,"

when collateral estoppel is being used "against a party who has previously had a full and fair opportunity to litigate a matter and now seeks to reopen the identical issues with a new adversary." *Id.* at 434, 349 S.E.2d at 560; *see also Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880 ("North Carolina recognizes both [the doctrines of res judicata and collateral estoppel] as traditionally formulated, although we have followed the modern trend in abandoning the strict 'mutuality of estoppel' requirement for defensive uses of collateral estoppel." (quoting *Hall*, 318 N.C. at 434, 349 S.E.2d at 560)).

We have already concluded that the decision of the Full Commission constituted a final judgment on the merits. Moreover, because defendant is attempting to defensively invoke collateral estoppel to preclude plaintiffs from relitigating the issue of SPC Penland's gross negligence, the mutuality requirement does not apply. Finally, as the parties do not dispute, and we see no reason to doubt, that the issue of SPC Penland's gross negligence before the Industrial Commission is "identical to" the issue of SPC Penland's gross negligence at common law, all that remains for us to determine is whether this issue was "actually litigated and necessary to the [Commission's] judgment." *Hall*, 318 N.C. at 429, 349 S.E.2d at 557.

On this question, this Court has held: "[W]here the court adjudicating the prior proceeding lacked jurisdiction over an issue, the [actually litigated and necessary] element of collateral estoppel has not been met." *Meehan v. Cable*, 127 N.C. App. 336, 340, 489 S.E.2d 440, 443 (1997) (issues raised before the clerk of court were not "actually litigated" or "necessary to the judgment" because the clerk lacked jurisdiction to hear them). In *Alt v. John Umstead Hosp.*, 125 N.C. App. 193, 479 S.E.2d 800, *disc. review denied*, 345 N.C. 639, 483 S.E.2d 702 (1997), this Court applied this principle to circumstances analogous to those here. The plaintiff in *Alt* had filed a complaint in superior court alleging malicious prosecution, false imprisonment, and the deprivation of his constitutional and statutory rights against the defendants, a state psychiatric hospital and various individuals. *Id.* at 194, 479 S.E.2d at 801. The plaintiff's claims were dismissed following a motion for summary judgment by the defendant, and the trial court's ruling was upheld on appeal. *Id.*

The plaintiff subsequently filed a complaint in the Industrial Commission under the State Tort Claims Act, alleging he had been injured by the State's negligence. *Id.* The defendant contended that the dismissal of plaintiff's claims in superior court precluded plaintiff's claims in the Industrial Commission. *Id.* at 198, 479 S.E.2d at

803. In holding that the "actually litigated" requirement of collateral estoppel was not satisfied, this Court explained:

> Pursuant to the State Tort Claims Act, exclusive original jurisdiction of claims against the State or its institutions and agencies, in which injury is alleged to have occurred as a result of the negligence of an employee of the State, is vested in the North Carolina Industrial Commission. *Thus, plaintiff's negligence claim against defendant hospital could not have been adjudicated in the prior proceeding because the Superior Court had no jurisdiction over a tort claim against the State.*

*Id.*, 479 S.E.2d at 804 (emphasis added) (internal citation omitted). As a result, this Court upheld the Commission's rejection of the collateral estoppel defense.

Likewise, in this case, the Industrial Commission lacked jurisdiction to address SPC Penland's gross negligence. "[T]he Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an employee of a state agency." *Meyer*, 347 N.C. at 105, 489 S.E.2d at 884. Thus, the Commission would have jurisdiction to address the issue of gross negligence only if that issue fell within its jurisdiction with respect to claims against the State.

The Emergency Management Act, however, provides that "[n]either the State nor any political subdivision thereof, nor, except in cases of willful misconduct, gross negligence or bad faith, any emergency management worker complying with or reasonably attempting to comply with this Article . . . shall be liable for the death of or injury to persons . . . ." N.C. Gen. Stat. § 166A-14(a). We agree with the Full Commission that, under N.C. Gen. Stat. § 166A-14(a), the State has maintained its sovereign immunity with respect to emergency management operations. The Commission, therefore, had no jurisdiction to hear plaintiffs' claims filed in the Industrial Commission and could not properly make any findings on the parties' factual allegations. *See Vereen v. N.C. Dep't of Corr.*, 168 N.C. App. 588, 591, 608 S.E.2d 412, 414 (2005) ("Having dismissed plaintiff's tort claim, the Commission had no jurisdiction to *ex mero motu* enter an order with respect to any workers' compensation claim which plaintiff may have . . . .").

Accordingly, under *Alt*, because of this lack of jurisdiction, plaintiffs' claim of gross negligence under the Emergency Management Act was not "actually litigated" before the Commission or "necessary" to its judgment, and, therefore, plaintiffs are not collaterally estopped

by the Commission's finding on that issue. *See also Templeton v. Apex Homes, Inc.*, 164 N.C. App. 373, 378, 595 S.E.2d 769, 772 (2004) (concluding that, because plaintiffs won on one of their breach of contract claims and were awarded the only remedy plaintiffs sought, trial court's ancillary determinations that plaintiffs lost on two other breach of contract claims were not "necessary" to the judgment). We hold, therefore, that the trial court properly concluded that plaintiffs' claims were not barred by collateral estoppel.

Affirmed.

Judges MCGEE and CALABRIA concur.