***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner, as well as the briefs and the oral arguments before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for modifications. Accordingly, the Full Commission affirms and adopts the Decision and Order of the Deputy Commissioner, with modifications, and enters the following Decision and Order.
 ***********
Based upon the competent and the credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. On January 12, 2006, Plaintiff filed an Affidavit seeking damages under the North Carolina Tort Claim Act against the "Secretary of N.C. Department of Crime Control and Public Safety." On April 10, 2006, the N.C. Department of Crime Control and Public Safety timely filed and served an Answer and a Motion to Dismiss, based upon Plaintiff's failure to name a state agency or department.
2. On May 12, 2006, Plaintiff mailed Defendant a Motion for Summary Judgment and filed a Motion for Leave to Amend his Affidavit. On May 26, 2006, Defendant filed a Response to Plaintiff's Motions.
3. Plaintiff amended his Affidavit to change the name of the defendant on it to the "North Carolina Department of Crime Control and Public Safety," pursuant to an Order filed May 18, 2006. On May 25, 2006, Defendant filed an exception to the May 18, 2006 Order. The issue of whether Plaintiff can relate back to the filing of the original claim is not before the Full Commission at this time.
4. On June 19, 2006, Plaintiff served his Amended Affidavit. On July 12, 2006, Defendant filed and served its Answer to Plaintiff's Amended Affidavit.
5. On October 10, 2006, Defendant served Plaintiff a letter stating that Defendant was abandoning the defense of unconstitutionality in subparagraph five (5) of the section entitled "First Defense" of the Defendant's Answer to the Amended Claim, filed on July 12, 2006. Defendant stated that with the exception of subparagraph five (5), Defendant continued to assert the "First Defense" and all other defenses of the Answer to the Amended Claim.
6. On December 11, 2007, Plaintiff filed an Amended Motion for Summary Judgment. Defendant timely filed and served a Response to Plaintiff's Amended Motion for Summary Judgment with Request that Summary Judgment Be Rendered Against the Plaintiff with *Page 3 
three (3) attachments (copies of In Re: Secretary of the Dep't of CrimeControl and Public Safety, State of North Carolina, and Thornburg v.Barfield v. Blackwood, 7 F.3d 1140 (1993) (hereinafter referred to as "In Re: Secretary of the Dep't of Crime Control and Public Safety"; Defendant's Answer to Amended Claim; and H. Gerald Beaver's letter of October 17, 1988).
7. Plaintiff filed certified, true copies of documents in the matter ofBarfield v. Blackwood, United States District Court, Eastern District of North Carolina, Case Number 86-90-CIV-3 (hereinafter referred to as "Barfield v. Blackwood.") The documents filed by Plaintiff include a May 24, 1991 Judgment and Order, and a January 14, 1992 Judgment requiring the State of North Carolina to pay a portion of the Judgment rendered against Trooper Gary Blackwood (hereinafter referred to as "Blackwood"), an employee of Defendant. However, the federal Fourth Circuit Court of Appeals reversed these rulings in In Re: Secretary of Dep't of CrimeControl and Public Safety. The State of North Carolina moved to intervene after being ordered to pay part of the judgment entered in Plaintiff's suit against Blackwood, whom it refused to represent, based upon the grounds that his conduct at issue was not within the course and scope of his employment. This limited, special appearance by the State of North Carolina (after the conclusion of the trial of the matter) did not amount to a waiver of immunity from a claim by Plaintiff in federal court.
8. At the hearing before the Deputy Commissioner, Defendant presented the certified, true copies of the Jury Instructions, Verdict, and Judgment in Barfield v. Blackwood, as well as the attachments to its Response to Plaintiff's Amended Motion for Summary Judgment with Request that Summary Judgment Be Rendered Against the Plaintiff, in support of its position that Plaintiff's Motion should be *Page 4 
denied. In addition, Defendant presented copies of the following cases and authorities which it cited in support of its position that Plaintiff's Motion should be denied: N.C. Gen. Stat. § 1A-1, Rule 56; N.C. Gen. Stat. §§ 143-291 and 143-299; Whitacre P'ship v. Biosignia,Inc., 358 N.C. 1, 591 S.E.2d 870 (2004); Bockweg v. Anderson, 333 N.C. 486,428 S.E.2d 157 (1993); McInnis Assocs. v. Hall, 318 N.C. 421, 349 S.E. 552 (1986); Jenkins v. Department of Motor Vehicles, 244 N.C. 560,94 S.E.2d 577 (1956); Strates Shows, Inc. v. Amusements of America, Inc., ___ N.C. App. ____, 646 S.E.2d 418 (2007); Gregory v. Penland,179 N.C. App. 505, 634 S.E.2d 625 (2006); Fennell v. Dep't of CrimeControl Public Safety, 145 N.C. App. 584, 551 S.E.2d 486 (2001).
9. Plaintiff's claim is based on an incident he alleges occurred on February 3, 1985, more than 20 years before Plaintiff filed this State Tort Claim. Plaintiff alleges that Blackwood, while in the course and scope of his employment as a member of the Highway Patrol, used excessive, unreasonable, and unnecessary force against him, thereby causing injury.
10. In Barfield v. Blackwood, the jury, in its verdict, answered the issue "[D]id the defendant, in the course of arresting plaintiff on February 3, 1985, use excessive, unnecessary or unreasonable force thereby causing damage?" as "[Y]es," and the jury answered the issue "[W]hat amount of actual damages, if any, is the plaintiff entitled to recover?" as "$500,000."
11. N.C. Gen. Stat. § 143-299 provides, in relevant part, that "[a]ll claims against any and all State departments, institutions, and agencies" are "forever barred" unless a claim is filed with the North Carolina Industrial Commission "within three years after accrual." However, Session Law 2005-243, which became effective July 29, 2005, provides:
 Notwithstanding G.S. 143-299, where a judgment was entered in a civil action in federal court prior to the effective date of this act against a member of the Highway Patrol for an injury to a person and where the court that rendered the judgment concluded that the person's injury was a result of an act of the member of the Highway Patrol committed while acting within the course and scope of the officer's employment, the person who brought the action has 180 *Page 5 
days from the effective date of this act to file an action to recover damages under Article 31 of Chapter 143 of the General Statutes. It shall not be a defense that the member of the Highway Patrol is no longer a State employee, or that any time limit for seeking the recovery of damages or any other time limit of civil procedure has expired. The limitation on the amount that may be recovered under this section shall be the limit of liability under Article 31 of Chapter 143 of the General Statutes applicable at the time the tort occurred. No interest on the amount recoverable shall accrue until an amount for damages is awarded under Article 31 of Chapter 143 of the General Statutes as authorized by this section.
12. Plaintiff asserts that his State Tort Claim is timely filed, and that he is entitled to an award of damages pursuant to Session Law2005-243. Further, Plaintiff claims that Session Law 2005-243 eliminates the general requirement that the North Carolina Industrial Commission determine whether an agent of the State of North Carolina acted negligently. Instead, Plaintiff argues that the North Carolina Industrial Commission need only determine damages when there is a judgment of a federal court that meets the elements set forth in Session Law 2005-243.
13. In Session Law 2005-243, it appears to be the intent of the legislature to allow persons such as Plaintiff who are claiming to be injured by a member of the Highway Patrol prior to July 29, 2005, and who obtained from a federal court a judgment that the injury was a result of an act of that member of the Highway Patrol committed while acting within the course and scope of that Highway Patrol member's employment, to recover damages, as long as the person filed a State Tort Claim within 180 days from July 29, 2005. While it may well have been the intent of the legislature to provide compensation for plaintiffs in circumstances such as those Plaintiff finds himself in, the plain language of Session Law 2005-243, along with the rules of statutory construction, should control the present case. According to the North Carolina Supreme Court:
 [I]n matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished. Legislative purpose is first ascertained from the *Page 6 
plain words of the statute. Moreover, we are guided by the structure of the statute and certain canons of statutory construction. Courts also ascertain legislative intent from the policy objectives behind a statute's passage and the consequences which would follow from a construction one way or another. A construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language. Electric Supply Co. of Durham, Inc. v. Swain Electrical Co., Inc. 323 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (citations omitted).
14. The plain language of Session Law 2005-243 specifically refers to N.C. Gen. Stat. § 143-299, the section of the North Carolina Tort Claims Act that places a time limitation on actions under the Act, and provides for circumstances under which the time limits contained in that section do not apply. The plain language of Session Law 2005-243 also specifically states that it is not a defense to recovery that any time limit for seeking the recovery of damages, or any other time limit of civil procedure, expires. Moreover, the plain language of Session Law2005-243 also states that it is not a defense to recovery that the member of the Highway Patrol is no longer a State employee. Finally, the plain language of Session Law 2005-243 provides that the statutory cap for recovery under this section is the limit that was applicable under the North Carolina State Tort Claim Act at the time the tort occurred, which would be $100,000.00, in the present case.
15. The plain language of Session Law 2005-243 creates a new circumstance under which a person such as Plaintiff may recover from the State of North Carolina. There is no requirement in Session Law 2005-243
that a State Tort Claim filed under this provision prove all of the elements of negligence. Rather, a person such as Plaintiff need only prove that a federal court entered a judgment in a civil action prior to July 29, 2005 against a member of the Highway Patrol for an injury to that person, and the federal court rendering the judgment concluded that *Page 7 
the person's injury was the result of an act of the member of the Highway Patrol committed while acting within the course and scope of the officer's employment.
16. In this case, a federal court in Barfield v. Blackwood found that Blackwood, while "in the course of arresting plaintiff on February 3, 1985" used excessive, unnecessary, or unreasonable force, thereby causing injury to Plaintiff. The Full Commission finds, based upon the greater weight of the evidence, that this finding satisfies the plain language of Session Law 2005-243 that Blackwood was acting within the course and scope of his employment. There are few duties of a highway patrolman that could be more within the course and scope of his employment than making an arrest. Thus, the Full Commission finds, based upon the greater weight of the evidence, that Plaintiff's claim is governed by the provisions of Session Law 2005-243 as a matter of law.
17. Session Law 2005-243 does not, from its plain language, remove the requirement that a plaintiff prove damages. Rather, Session Law 2005-243
merely limits the amount that may be recovered to the limit of liability under Article 31 of Chapter 143 of the North Carolina General Statutes applicable at the time the tort occurred, which is $100,000.00, in this case.
18. Rule 56 of the North Carolina Rules of Civil Procedure allows summary judgment if the pleadings and other specified documents "show that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law." Rule 56 further states that "[s]ummary judgment, when appropriate, may be rendered against the moving party." In this case, Plaintiff seeks summary judgment; however, Defendant contends that rather than Plaintiff obtaining summary judgment against it, summary judgment must be granted against Plaintiff. The Full Commission finds, based upon the greater weight of the evidence, that Defendant is not entitled to summary judgment against Plaintiff. *Page 8 
19. In light of the plain language of the statutory provisions of Session Law 2005-243, as well as of Article 31 of Chapter 143 of the North Carolina General Statutes, combined with the policy sought to be achieved by the legislature, the Full Commission finds, based upon the greater weight of the evidence, that Plaintiff's claim falls within the provisions of Session Law 2005-243 as a matter of law, and that Plaintiff is entitled to summary judgment as a matter of law, thereby entitling him to recover under the North Carolina State Tort Claims Act. Plaintiff is not, however, entitled to summary judgment on the issue of damages.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In Session Law 2005-243, it appears to be the intent of the legislature to allow persons such as Plaintiff who are claiming to be injured by a member of the Highway Patrol prior to July 29, 2005, and who obtained from a federal court a judgment that the injury was a result of an act of that member of the Highway Patrol committed while acting within the course and scope of that Highway Patrol member's employment, to recover damages, as long as the person filed a State Tort Claim within 180 days from July 29, 2005. While it may well have been the intent of the legislature to provide compensation for plaintiffs in circumstances such as those Plaintiff finds himself in, the plain language of Session Law 2005-243, along with the rules of statutory construction, should control the present case. According to the North Carolina Supreme Court:
 [I]n matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished. Legislative purpose is first ascertained from the plain words of the statute. Moreover, we are guided by the structure of the statute and certain canons of statutory construction. Courts also ascertain legislative intent from the policy objectives behind a statute's passage and the consequences which would *Page 9 
follow from a construction one way or another. A construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language. Electric Supply Co. of Durham, Inc. v. Swain Electrical Co., Inc. 323 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (citations omitted).
2. The plain language of Session Law 2005-243 specifically refers to N.C. Gen. Stat. § 143-299, the section of the North Carolina Tort Claims Act that places a time limitation on actions under the Act, and provides for circumstances under which the time limits contained in that section do not apply. The plain language of Session Law 2005-243 also specifically states that it is not a defense to recovery that any time limit for seeking the recovery of damages, or any other time limit of civil procedure, expires. Moreover, the plain language of Session Law2005-243 also states that it is not a defense to recovery that the member of the Highway Patrol is no longer a State employee. Finally, the plain language of Session Law 2005-243 provides that the statutory cap for recovery under this section is the limit that was applicable under the North Carolina State Tort Claim Act at the time the tort occurred, which would be $100,000.00, in the present case.
3. The plain language of Session Law 2005-243 creates a new circumstance under which a person such as Plaintiff may recover from the State of North Carolina. There is no requirement in Session Law 2005-243
that a State Tort Claim filed under this provision prove all of the elements of negligence. Rather, a person such as Plaintiff need only prove that a federal court entered a judgment in a civil action prior to July 29, 2005 against a member of the Highway Patrol for an injury to that person, and the federal court rendering the judgment concluded that the person's injury was the result of an act of the member of the Highway Patrol committed while acting within the course and scope of the officer's employment. *Page 10 
4. In this case, a federal court in Barfield v. Blackwood found that Blackwood, while "in the course of arresting plaintiff on February 3, 1985" used excessive, unnecessary, or unreasonable force, thereby causing injury to Plaintiff. This finding satisfies the plain language of Session Law 2005-243 that Blackwood was acting within the course and scope of his employment. There are few duties of a highway patrolman that could be more within the course and scope of his employment than making an arrest. Thus, Plaintiff's claim is governed by the provisions of Session Law 2005-243 as a matter of law.
5. Session Law 2005-243 does not, from its plain language, remove the requirement that a plaintiff prove damages. Rather, Session Law 2005-243
merely limits the amount that may be recovered to the limit of liability under Article 31 of Chapter 143 of the North Carolina General Statutes applicable at the time the tort occurred, which is $100,000.00, in this case.
6. Rule 56 of the North Carolina Rules of Civil Procedure allows summary judgment if the pleadings and other specified documents "show that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law." Rule 56 further states that "[s]ummary judgment, when appropriate, may be rendered against the moving party." In this case, Plaintiff seeks summary judgment; however, Defendant contends that rather than Plaintiff obtaining summary judgment against it, summary judgment must be granted against Plaintiff. Defendant is not entitled to summary judgment against Plaintiff.
7. In light of the plain language of the statutory provisions of Session Law 2005-243, as well as of Article 31 of Chapter 143 of the North Carolina General Statutes, combined with the policy sought to be achieved by the legislature, Plaintiff's claim falls within the provisions of Session Law 2005-243 as a *Page 11 
matter of law, and Plaintiff is entitled to summary judgment as a matter of law, thereby entitling him to recover under the North Carolina State Tort Claims Act. Plaintiff is not, however, entitled to summary judgment on the issue of damages.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. It is hereby by ordered that Plaintiff's Motion is GRANTED, and summary judgment is entered for Plaintiff on the following issues: that Plaintiff falls within the provisions of Session Law 2005-243, that Plaintiff's claim is not time barred, that Plaintiff does not have to prove all of the elements of negligence, and that Plaintiff is entitled to recover under Session Law 2005-243.
2. Plaintiff's Motion is DENIED as to damages.
3. Defendant's Motion that Summary Judgment Be Rendered Against the Plaintiff is hereby DENIED.
4. The Full Commission hereby ORDERS that this matter be Remanded to Deputy Commissioner Wanda Blanche Taylor for the taking of any additional evidence on the issue of damages.
This the __ day of January 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 CONCURRING: *Page 12 
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 1